Danielle Hultenius Moore (SBN 232480)
    E-Mail:  dmoore@fisherphillips.com
Kevonna J. Ahmad (SBN 324312)
    E-Mail:  kahmad@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendants Hire A Helper, LLC,
Porch.com, Inc. and Keri Miller

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA PRESTON, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>PORCH.COM, INC., a Delaware Corporation; HIRE A HELPER, LLC, a California Limited Liability Company; KERI MILLER, an individual; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No:   **'21 CV 168  BEN BLM**<br><br>*[Previously assigned to John S. Meyer; San Diego Superior Court, Case No. 37-2020-00042869-CU-OE-CTL]*<br><br>**DEFENDANT HIRE A HELPER, LLC'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT FROM STATE COURT**<br><br>Complaint Filed:   November 23, 2020<br>Trial Date:            Not Set |

# TABLE OF CONTENTS

Page

I.     PROCEDURAL HISTORY ...................................................................... 1

II.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING
       STANDARD ........................................................................................... 2

III.   THIS COURT HAS JURISDICTION UNDER THE CLASS
       ACTION FAIRNESS ACT ..................................................................... 3

       A.    Minimal Diversity of Citizenship Under the CAFA is Met. ............ 3

       B.    The CAFA Amount in Controversy Requirement is Met .................. 8

             1.    Unpaid Overtime. ..................................................................... 9

             2.    Waiting Time Penalties. ......................................................... 11

             3.    Attorneys' Fees. ..................................................................... 11

             4.    Summary of Amount in Controversy for Class Claims ........ 11

IV.    REMOVAL IS ALSO PROPER UNDER TRADITIONAL
       DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C § 1332
       (A)(1) .................................................................................................... 12

       A.    The Diversity of Citizenship Requirement is Met Under
             Traditional Diversity Jurisdiction. .................................................. 12

       B.    The Amount in Controversy Requirement is Met Under
             Traditional Diversity Jurisdiction. .................................................. 14

             1.    Alleged loss of income likely exceeds $75,000 ................... 15

             2.    Alleged emotional distress damages likely exceed
                   $75,000. ................................................................................. 16

             3.    Alleged punitive damages also likely exceed $75,000. ........ 17

             4.    Potential recovery of attorney's fees likely exceeds
                   $75,000. ................................................................................. 18

V.     SUPPLEMENTAL JURISDICTION ...................................................... 19

VI.    TIMELINESS OF REMOVAL ............................................................... 19

VII.   CONSENT TO REMOVAL ................................................................... 19

VIII.  VENUE IS PROPER ............................................................................. 20

IX.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF ............... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
    465 F.2d 489 (9th Cir. 1972) ............................................................. 15

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) ............................................................. 11

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S.Ct. 547 (2014) ......................................................................... 14

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014) ............................................................................... 3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005) ........................................................................... 19

*Ferrell v. Express Check Advance of South Carolina LLC*
    591 F.3d 698 (4th Cir. 2010) ......................................................... 5, 13

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
    307 F.3d 997 (9th Cir. 2002) ............................................................. 18

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ........................................................... 15

*Garnett v. ADT LLC*,
    74 F. Supp. 3d 1332 (E.D. Cal. 2015) ................................................. 3

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ............................................................... 9

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ......................................................................... 6, 13

*Johnson v. Columbia Props. Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2006) ............................................................. 13

*Kanter v. Warnter-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ....................................................*passim*

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .................................................................. 4, 12

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
    199 F.Supp.2d 993 (C.D. Cal. 2002) ............................................................ 15

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ....................................................................... 15

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ......................................................................... 4

*Luckett v. Delta Airlines, Inc.*,
    171 F.3d 295 (5th Cir. 1999) ......................................................................... 9

*Marcel v. Pool Co.*,
    5 F.3d 81 (5th Cir. 1983) ............................................................................. 16

*Mintzis v. Scott*,
    No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30,
    2014) ............................................................................................................ 4

*Mitchell v. United States*,
    88 U.S. 350 (1875) ........................................................................................ 4

*Mondragon v. Capital One Auto Fin.*,
    736 F.3d 880 (9th Cir. 2013) ......................................................................... 4

*Muniz v. Pilot Travel Centers LLC*,
    No. CIV. S-07-0325FCDEFB, 2007 WL 1302504 (E.D. Cal. May
    1, 2007) ......................................................................................................... 9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) .................................................................................... 19

*Newcombe v. Adolf Coors Co.*
    157 F.3d 686 (9th Cir. 1998) .................................................................... 7, 13

*Ontiveros v. Michaels Stores, Inc.*,
    No. CV 12-09437 MMM, 2013 WL 815975 (C.D. Cal. Mar. 5,
    2013) ........................................................................................................... 16

*Parker-Williams v. Charles Tini & Associates, Inc.*,
    53 F.Supp.3d 149 (D.D.C. 2014) ............................................................ 14, 18

*Richmond v. Allstate Ins. Co.*,
    897 F. Supp. 447 (S.D. Cal. 1995) .................................................................17

*Rodriguez v. AT & T Mobility Servs. LLC*,
    728 F.3d 975 (9th Cir. 2013) .......................................................................14

*Roth v. Comerica Bank*,
    799 F.Supp.2d 1107 (C.D. Cal. 2010).........................................................15

*Saulic v. Symantec Corp.*,
    No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883 (C.D. Cal.
    Dec. 26, 2007) ........................................................................................9, 14

*Simmons v. PCR Technology, Inc.*,
    209 F.Supp.2d 1029 (N.D. Cal. 2002) ..................................................16, 17

*Singer v. State Farm Mutual Auto. Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) .......................................................................14

*Snyder v. Harris*
    (1969) 394 US 332 .......................................................................................12

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir.1994) ..........................................................................4

*United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus.
    & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
    549 F.3d 1204 (9th Cir. 2008).....................................................................20

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004).....................................................................14

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002).....................................................................11

*White v. J.C. Penney Life Ins. Co.*,
    861 F. Supp. 25 (S.D.W. Va. 1994) ..............................................................8

*Yang v. ActionNet, Inc.*,
    No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar.
    18, 2016).......................................................................................................18

1

**State Cases**

2

*Duin v. Allstate Insurance Co.*,
   1997 WL 813002, No. 97CV1113JM (RBB) .................................................. 17

*Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*,
   Los Angeles Superior Court Case No. BC511139, 2015 WL
   4748037 (Cal. Super. July 17, 2015)........................................................ 17

*Verdine v. McDonnel-Douglas Corp. et al.*,
   1998 WL 35471332 (Cal.Super. July 7, 1998) ........................................ 17

**Federal Statutes**

28 U.S.C. § 84(a) .............................................................................................. 20

28 U.S.C. § 1332 ............................................................................................... 12

28 U.S.C. §1332(a)(1) ............................................................................ 1, 2, 12, 13

28 U.S.C. § 1332(c)(1) ................................................................................. 6, 13

28 U.S.C. § 1332(d) .................................................................................. 2, 3, 9

28 U.S.C. § 1332(d)(2) ......................................................................................... 3

28 U.S.C. § 1332(d)(2)(A) .................................................................................... 4

28 U.S.C. § 1332(d)(3)-(5) ................................................................................... 3

28 U.S.C. § 1332(d)(7) ....................................................................................... 4

28 U.S.C. § 1332(d)(10) ..................................................................... 5, 6, 13

28 U.S.C. § 1441........................................................................................... 2, 12

28 U.S.C. § 1441(a)................................................................................ 7, 13, 20

28 U.S.C. § 1441(b)(1) ........................................................................................ 7

28 U.S.C. § 1446.................................................................................... 2, 3, 12

28 U.S.C. § 1446(b) .......................................................................................... 19

28 U.S.C. § 1446(b)(2)(A)................................................................................. 19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28 U.S.C. § 1453 ................................................................................................2

28 U.S.C. § 1453(b) .........................................................................................20

CAFA .................................................................................................... *passim*

FMLA .............................................................................................................17

**State Statutes**

Cal. Bus. & Prof. Code § 17200 *et seq.* ............................................... 1, 7, 9

Cal. Code of Civ. Proc. § 382 ...........................................................................7

Cal. Code of Civ. Proc. § 415.30 .....................................................................2

Cal. Labor Code §§ 201-203 ..................................................................... 1, 9

Cal. Lab. Code § 203(a) ........................................................................... 11, 12

Cal. Labor Code § 510 ................................................................................ 1, 9

Cal. Labor Code § 1194 ........................................................... 1, 9, 10, 12

**Rules**

Federal Rules of Civil Procedure Rule 8(a) .....................................................2

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Hire A Helper, LLC ("Hire a Helper") hereby removes the above-referenced action of Plaintiff Ariana Preston from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(a)(1) ("traditional diversity jurisdiction"), 1332(d) (the "Class Action Fairness Act"), 1441, 1446, and 1453.  The grounds for removal are as follows:

## I.    PROCEDURAL HISTORY

1.    On November 23, 2020, Plaintiff Ariana Preston filed an unverified Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of San Diego, entitled "ARIANA PRESTON, Individually and on behalf of all others similarly situated, Plaintiffs, vs. PORCH.COM, INC., a Delaware Corporation; HIRE A HELPER LLC, a California Limited Liability Company; KERI MILLER, an individual; and DOES 1 through 50, inclusive, Defendants, Case No. 37-2020-00042869-CU-OE0CTL." Plaintiff's Complaint asserts causes of action on behalf of a purported class for: (1) Failure to Pay Overtime in Violation of Cal. Labor Code sections 510 and 1194; (2) Failure to Pay Compensation When Due at Time of Separation of Employment in Violation of Cal. Labor Code sections 201-203; and (3) Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code section 17200 *et seq*. Plaintiff's Complaint also asserts causes of action on behalf of Plaintiff on an individual basis for: (4) Retaliation in Violation of the FEHA; (5) Discrimination in Violation of the FEHA; (6) Hostile Work Environment Harassment Based on Disability in Violation of the FEHA; (7) Failure to Engage in the Interactive Process in Violation of the FEHA; (8) Failure to Accommodate in Violation of the FEHA; (9) Retaliation in Violation of CFRA; (10) Failure to Prevent Discrimination, Harassment and Retaliation; and

1

FP 39679860.3

(11) Wrongful Constructive Termination in violation of Public Policy.

2.	Hire a Helper was deemed served with the Summons and Complaint on December 30, 2020 via notice of acknowledgment and receipt. Declaration of Kevonna Ahmad ("Ahmad Decl."), ¶ 2, Exhibit D; Judicial Council Cmt. to Code Civ. Proc., § 415.30 (Service is complete on the date the form is executed if thereafter it is returned to the sender). Hire a Helper filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of San Diego, on January 28, 2021. Ahmad Decl., ¶ 3, Exhibit G.

3.	The Summons (**Exhibit A**); Complaint (**Exhibit B**); Civil Case Cover Sheet (**Exhibit C**); Notice and Acknowledgment of Receipt – Civil (**Exhibit D**); Notice of Case Assignment (**Exhibit E**); Stipulation to Alternative Dispute Resolution Process (**Exhibit F**); and Hire a Helper's Answer (**Exhibit G**) are the only pleadings, process, or orders that have been served upon Hire a Helper or that Hire a Helper is otherwise aware have been filed in this action. Ahmad Decl., ¶ 2-3.

4.	In addition to Hire a Helper, Plaintiff's Complaint also names Porch.Com, Inc. and Keri Miller as defendants. Defendants Porch.Com, Inc. and Keri Miller have not been properly served or filed responsive pleadings in State Court. Ahmad Decl. ¶ 5; Declaration of Keri Miller (Miller Decl."), ¶ 7. Defendants Porch.com, Inc. and Keri Miller consent to the removal of this action from state court to federal court. Ahmad Decl. ¶ 6; Miller Decl., ¶ 8.

5.	Hire a Helper removes this action based under the Class Action Fairness Act and based on traditional diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446, and 1453.

## II.	REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

6.	In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such

notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *See Id.* at 87-89; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *See Dart Cherokee*, 574 U.S. at 88-89.

## III.   THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.     On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 (the "CAFA").   The CAFA gives U.S. District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).   The CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  None of the exceptions to this rule of original jurisdiction apply here. *See*  28 U.S.C. § 1332(d)(3)-(5).

8.     There is no "presumption against removal" when defendant seeks to remove pursuant to the CAFA. *See Dart Cherokee*, 574 U.S. at 89.

9.     This Court has original jurisdiction under the CAFA because the case involves a civil putative class action wherein the matter of controversy exceeds the sum of $5 million, exclusive of interests and costs, and at least one member of the class of plaintiffs is a citizen of a state different than that of any defendant. *See* 28 U.S.C. § 1332(d), as provided in more detail below.

### A.   <u>Minimal Diversity of Citizenship Under the CAFA is Met.</u>

10.     CAFA requires only minimal diversity – that is, that *one plaintiff* is a

3

citizen of a different state than *one defendant*. See 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists here, as Plaintiff is not a citizen of the same state as any defendant.

11.    For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

16.    ***Plaintiff's Citizenship.***

17.    To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  An existing domicile is presumed to continue.  *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014).  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

DEFENDANT'S NOTICE OF REMOVAL

18.     Upon information and belief, Plaintiff is a citizen of Oregon.[1] In or around September 30, 2019, Plaintiff informed defendant Miller that she was resigning from her position with Defendant Hire A Helper and relocating to Oregon. See Miller Decl., ¶¶ 4-5, Exhibit 1. In addition, defendant Miller personally learned that Plaintiff did indeed move to Eugene, Oregon. *See* Miller Decl., ¶6, Exhibit 2. Miller reviewed Plaintiff's LinkedIn profile page and noted that Plaintiff lists her current city and state of residence as Eugene, Oregon. *Id.* Therefore, on information and belief, Hire a Helper asserts that Plaintiff is now, and was at the time the Complaint was filed, domiciled in and a citizen of the State of Oregon for the purposes of diversity jurisdiction.

19.     ***Hire A Helper's Citizenship Under CAFA.***

20.     For purposes of diversity under the CAFA, a limited liability company is considered an "unincorporated association" and is a citizen only of the state under whose laws it was organized or where it has its principal place of business. 28 U.S.C. § 1332(d)(10); see also *Ferrell v. Express Check Advance of South Carolina LLC* 591 F.3d 698, 795 (4th Cir. 2010) ("limited liability company is an "unincorporated association" for CAFA purposes.).

21.     At all times relevant herein, the following has been the case with regards to Hire a Helper: (a) it has been a limited liability company with its principal place of business located in the State of California, where its high-level officers and executives have directed, controlled, and coordinated Hire a Helper's business operations, and (b) it is organized as a limited liability company under the laws of the State of California. Declaration of Dena Singleton ("Singleton Decl."), Decl. ¶ 4. Therefore, for CAFA removal, Hire A Helper is, and has been since the

---

[1] Even if Plaintiff remained a citizen of California, minimal diversity is not destroyed because Plaintiff would still be a citizen of a different state than Porch.com, Inc. (Delaware and Washington) and defendant Miller (Arizona).

5

DEFENDANT'S NOTICE OF REMOVAL

filing of this lawsuit, a citizen of the state of California[2]. *See* 28 U.S.C. § 1332(d)(10); *cf. Hertz*, 559 U.S. at 78.

22.   ***Defendant Porch.com, Inc.'s Citizenship.***

23.   For purposes of diversity under the CAFA, a corporation is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," (*Id.* at p.93.), which is the corporation's "nerve center." *Id* at p.81 "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at p.93. Defendant Porch.Com, Inc. was incorporated under the laws of the state of Delaware. Singleton Decl. ¶ 3. Moreover, Porch.com, Inc. maintains its headquarters in Seattle, Washington, where its high-level officers and executives direct, control, and coordinate its business operations. Singleton Decl., ¶ 3. Indeed, members of Porch's executive team, including the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Vice President of Product, Vice President of Homeowner Operations, Vice President of Marketing, and Vice President of People all work out of Porch's corporate headquarters in Seattle, Washington. *Id.* Therefore, Defendant Porch.com, Inc. is a citizen of the states of Washington and Delaware for purposes of assessing diversity jurisdiction.

24.   ***Defendant Keri Miller's Citizenship.***

25.   As discussed, the state citizenship of a natural person is determined by his or her state of domicile, which is his or her permanent home where he or she resides with the intention to remain or to which he or she intends to return. *Kanter,*

---

[2] Note, as set forth below, Hire a Helper is not a California citizen for purposes of traditional diversity. Instead, Hire a Helper's citizenship is that of its members, which is Washington and Delaware.

DEFENDANT'S NOTICE OF REMOVAL

265 F.3d at p. 857. Defendant Keri Miller is domiciled in and a citizen of the State of Arizona for purposes of diversity jurisdiction.  *See,* Complaint ¶ 5; Miller Decl., ¶ 3.

26. ***Doe Defendants' Citizenship.***

27. The Complaint also names "Doe" Defendants "1 through 50."  Under 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. *See, e.g., Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a). Accordingly, the citizenship of the Doe Defendants in the case does not impact the diversity analysis for removal.

28. ***Minimal Diversity Exists Under the CAFA.***

Here, Plaintiff is an Oregon citizen and no defendant is a citizen of Oregon. Thus, for removal under the CAFA, minimal diversity exists because Plaintiff is a citizen of a different state than at least one defendant.

29. ***Size of Class.***

30. Plaintiff's Complaint asserts that she is bringing the class action portion of her complaint on behalf of herself, and a California class, defined as all individuals who are or previously were employed by Defendants Porch.com, Inc. and Defendant Hire A Helper, LLC in California as non-exempt employees who received commission and/or bonus compensation payments during the same pay period in which they worked overtime hours..."  Complaint, ¶ 9.

31. The class Plaintiff seeks to represent is comprised of one overall class and one subclass. Plaintiff brings the First Cause Action for unpaid overtime and the Third Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"), as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as "all individuals who are or previously were employed by Defendants Porch.com, Inc. and Hire A Helper, LLC in California as non-exempt employees who received commission and/or bonus compensation payments during the same

7

FP 39679860.3

pay period in which they worked overtime hours.  Complaint, ¶ 38. The California class period is the period beginning November 23, 2016, four years prior to the filing of Plaintiff's Complaint (November 23, 2020), through the present day. *Id*.

32.     Plaintiff brings the Second Cause Action for the unlawful failure to pay former employees all wages owed at the time of their separation of employment in California on behalf of a former employees, defined as "all individuals who were previously employed by Defendants Porch.com, Inc. and Hire A Helper, LLC in California as non-exempt employees who received commission and/or bonus compensation payments during the same pay period in which they worked overtime hours. *Id.* ¶ 39. The former employee subclass period is from November 23, 2017 through the present day. *Id*.

33.     Defendant Hire A Helper, LLC was acquired by defendant Porch.com, Inc. in February 2017. Singleton Decl, ¶ 4. From February 2017 to the present, Porch has employed approximately 200 hourly, non-exempt employees in California, including 40 Hire A Helper employees. *Id.* at ¶ 5.

34.     From November 2017 to the present, Porch terminated approximately 170 hourly, non-exempt employees in California. *Id.* at ¶ 6.

**B.     The CAFA Amount in Controversy Requirement is Met**

35.     *Amount in Controversy*. Plaintiff's Complaint is silent as to the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W. Va. 1994) ("The defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. . . . The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim." (citation omitted)).

36.     Notwithstanding Plaintiff's failure to allege the total amount of

DEFENDANT'S NOTICE OF REMOVAL

monetary relief claimed, the CAFA authorizes the removal of class actions in which the aggregated amount in controversy for all potential class members exceeds $5 million dollars.  *See* 28 U.S.C. § 1332(d); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *1 (E.D. Cal. May 1, 2007) (upholding removal of substantially similar case under the CAFA). To determine the amount in controversy under the CAFA, the Court considers all potential damages alleged in the complaint, including attorney's fees.  *Cf. Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007).

37.    Plaintiff asserts claims for herself and the putative class for (1) Failure to Pay Overtime in Violation of Cal. Labor Code sections 510 and 1194; (2) Failure to Pay Compensation When Due at Time of Separation When Due at Time of Separation of Employment in Violation of Cal. Labor Code sections 201-203; and (3) Unlawful and Unfair Business Practices in Violation of Cal. Bus, & Prof. Code section 17200 *et seq.* Based on her class claims, Plaintiff asks the court to "restore unpaid wages, expenditures, losses, income and other related benefits to *each* of the class members." Complaint at Prayer for Relief, ¶ 4.

38.    While Hire a Helper denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. *See Saulic v. Symantec Corp.*, No. SACV 07-610 AHSPLAX, 2007 WL 5074883, at *7-9 (C.D. Cal. Dec. 26, 2007) (considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations in finding jurisdictional limits satisfied under CAFA); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (same).

1.    *Unpaid Overtime.*

39.    Plaintiff alleges that Hire a Helper failed to accurately record and pay class members for all overtime hours and failed to correctly calculate overtime

9

DEFENDANT'S NOTICE OF REMOVAL

compensation it did pay since it did not include commission and bonus compensation in the "regular rate of pay." Complaint, ¶¶ 42-44. Based on the allegations in Plaintiff's Complaint, a conservative estimate of Plaintiffs alleged damages is that each class member is owed two hours of unpaid overtime per workweek.

40.    There are approximately 200 potential class members implicated by Plaintiff's unpaid overtime claim. Singleton Decl., ¶ 5. The average hourly wage rate for the potential class members was $15.13. *Id.* at ¶ 7. Conservatively assuming that each class member worked 50 workweeks each year during the relevant period (allowing 2 weeks for vacation), the total workweeks implicated by Plaintiff's unpaid overtime claim is 42,000 weeks [200 employees * 210 workweeks per employee].

41.    Accordingly, assuming two unpaid overtime hours per week, Plaintiff has put at issue at least **$1,906,800.00** in unpaid overtime and wages [42,000 total workweeks * 2 hours per workweek * $22.70/hour].

42.    Plaintiff also asserts that Hire a Helper failed to pay overtime on bonuses and commissions earned by potential class members. On average, the potential class members earned $50 per week in bonus/commissions and were compensated for an average of 42 hours per week (including 2 overtime hours). Singleton Decl., at ¶ 7. Accordingly, Plaintiff asserts that the class members were owed an additional $1.79 for each overtime hour worked to account for the incentive compensation [$50 / 42 hours per week * 1.5]. This additional allegation adds **$300,720** in unpaid overtime and wages to Plaintiff's claim [42,000 total workweeks * 4 OT hours per workweek (incl. the 2 allegedly unpaid OT hrs) * $1.79/hour].

43.    Finally, pursuant to Labor Code section 1194.2, Plaintiff claims liquidated damages equal to the amount of unpaid wages. Thus, in total, Plaintiff's class action claim for unpaid overtime asserts a minimum of **$4,415,040** [2 *

10

DEFENDANT'S NOTICE OF REMOVAL

($1,906,800.00 + $300,720)].

### 2. Waiting Time Penalties.

44.     Under California Labor Code section 203, if an employer willfully fails to pay all wages at discharge, the employer owes a penalty of the employee's daily rate of pay until the unpaid wages are paid or for a maximum of 30 days. Cal. Lab. Code § 203(a). Plaintiff alleges that Hire a Helper has willfully failed to pay all wages due to Plaintiff and other alleged putative class members no longer employed by Hire a Helper. Complaint, ¶ 64. During the relevant period, there were at least 171 potential subclass members. Singleton Decl., at ¶ 6.  Applying the average hourly rate of $15.13 ($121.04 per day), Plaintiff's second class action claim for waiting time penalties has put at issue **$617,304** [170 potential class members * $121.04/day *30 days].

### 3. Attorneys' Fees.

45.     Taken together, Plaintiff's class action claims alone assert damages that exceed the jurisdictional minimum for removal under the CAFA. However, the Court should also consider the recoverable attorneys' fees, which has been held to warrant an additional 25% in class actions for the purposes of assessing the amount in controversy.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The attorneys' fees are not limited to only those incurred prior to removal but also what plaintiff may recover after removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  Plaintiffs' theoretical attorneys' fees would therefore amount to an *additional* **$1,258,086** [$5,032,344 x 25%]. Ahmad Decl. ¶ 7.

### 4. Summary of Amount in Controversy for Class Claims

46.     Plaintiff has put far more than $5,000,000 at issue in the Complaint, when combined with Plaintiff's damages for her individual claims (discussed below):

11

DEFENDANT'S NOTICE OF REMOVAL

| Unpaid Overtime (assuming 2 hours/week) | $2,207,520 |
|---|---|
| Liquidated Damages (LC § 1194.2) | $2,207,520 |
| Waiting Time Penalties § 203 | $617,304 |
| Attorney's Fees (class claims only) | $1,258,086 |
| **TOTAL** | **$6,299,430** |

## IV.   REMOVAL IS ALSO PROPER UNDER TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C § 1332 (A)(1)

47.    This Court has also has traditional diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because the named parties are citizens of different states, Defendants are not citizens of California, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

### A.    **The Diversity of Citizenship Requirement is Met Under Traditional Diversity Jurisdiction.**

48.    ***Plaintiff's Citizenship: Oregon.***

49.    The analysis for a natural person's citizenship under traditional diversity jurisdiction is the same as it is under the CAFA. *See Kanter,* 704 F. 2d at p. 1090. Accordingly, Plaintiff is a citizen of Oregon for the purposes of assessing diversity jurisdiction under 28 U.S.C. section 1332 (a)(1). Miller Decl. ¶¶ 4-5, Exhibit 1. The citizenship of the remaining class members is irrelevant for purposes of traditional diversity jurisdiction. Only the citizenship of the named parties in a class action (the representative plaintiff and defendants) is considered for traditional diversity purposes. *See Snyder v. Harris* (1969) 394 US 332, 339-340.

50.    ***Hire A Helper's Citizenship for Traditional Diversity: Delaware and***

12

DEFENDANT'S NOTICE OF REMOVAL

*Washington*.

51.     The citizenship of a limited liability company for traditional diversity purposes is different than it is under the CAFA. *See Ferrell,* 591 F.3d at 795. For traditional diversity, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Hire A Helper, LLC is wholly owned by Porch.com, Inc. Singleton Decl., ¶ 4. Accordingly, Hire A Helper, LLC has the same citizenship as Porch.com, Inc. for traditional diversity purposes, which is Delaware and Washington.  *See* Singleton Decl., ¶¶ 3-4.

52.     ***Defendant Porch.com, Inc.'s Citizenship: Delaware and Washington***.

53.     The analysis for a corporation's citizenship under traditional diversity jurisdiction is the same as it is under the CAFA. (*Hertz Corp. v. Friend,* 559 U.S. 77, 80-93 (2010); 28 U.S.C. § 1332(c)(1), (d)(10).) Accordingly, Porch.com, Inc. is a citizen of Delaware and Washington. Singleton Decl. ¶ 3.

54.     ***Keri Miller's Citizenship: Arizona***.

55.     As discussed above, as a natural person, defendant Miller is a citizen of Arizona for the purposes of assessing diversity jurisdiction under 28 U.S.C. section 1332 (a)(1). Miller Decl. ¶ 3; see also *Kanter,* 265 F.3d at p. 857.

56.     ***Doe Defendant's Citizenship***.

57.     The citizenship of defendants sued under fictitious names is disregarded. *See, e.g., Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998); (28 U.S.C. § 1441(a). Accordingly, the citizenship of the Doe Defendants in the case does not impact the analysis for removal under traditional diversity jurisdiction.

58.     ***Complete Diversity Exists Under 28 U.S.C. section 1332 (a)(1)***.

59.     Complete diversity exists in this matter because when the case was filed and at the time of removal Plaintiff was an Oregon citizen, Hire a Helper and

13

DEFENDANT'S NOTICE OF REMOVAL

Porch.com, Inc. were citizens of Delaware and Washington, and Miller was an Arizona citizen.

**B.**     **The Amount in Controversy Requirement is Met Under Traditional Diversity Jurisdiction.**

60.     As stated above, Plaintiff's Complaint does not expressly identify the amount in controversy in this action. However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome and can be determined from other sources, including statements made in the Notice of Removal.  *See Kanter, supra,* 265 F.3d at p. 857 (examining the complaint and removal notice in assessing amount in controversy); *see also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."). When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum.  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

61.     Hire a Helper adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages.  Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.

14

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party.  *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).  The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

62.     Altogether, Plaintiff's individual claims along allege eleven causes of action seeking recovery of past and future economic damages, past and future non-economic damages, emotional distress damages, unpaid wages, unpaid overtime, waiting time penalties, punitive damages, and attorney's fees.  Complaint ¶¶ 62, 66, 75-77, 83-85, 95-96, 106, 111-113, 117-119, 125-127, 131-133, 141-142, Prayer ¶¶ 1-9. These alleged damages easily surpass this Court's jurisdictional minimum.

### 1.     *Alleged loss of income likely exceeds $75,000*

63.     Plaintiff's final rate of pay while working for Defendant was $18 per hour, or approximately $37,400 per year if she only worked 40 regular hours per week. (Singleton Decl. ¶ 7.) Plaintiff's alleged lost wages to date since her resignation on October 31, 2019 amount to approximately $46,800.  Complaint, ¶ 32. Conservatively projecting that Plaintiff claims at least an additional 12 months of lost wages means that her claim for lost wages alone is at least **$93,600** and exceeds the jurisdictional minimum. Note, this figure does not even account for her claim for the value of lost past and future employment *benefits* in addition to lost income.

15

2.    *Alleged emotional distress damages likely exceed $75,000.*

64.    Plaintiff also seeks an unspecified amount of emotional distress damages for "pain and suffering" "severe emotional distress" and "mental anguish" Complaint, ¶¶ 83, 96, 106, 111, 117, 125, 131 and 142.   Plaintiff's claim for emotional distress damages, on its own, likely exceeds $75,000.   *See Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (noting that emotional distress damages in a successful employment case "may be substantial"). Emotional distress awards in employment cases often exceed the minimum amount in controversy[3]:

(a)    *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's wrongful termination claim);

(b)    *Andrews vs. Hansa Stars Inc.*, Superior Court of California, County of Los Angeles, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs received **$375,000** and **$225,000** for emotional distress damages);

(c)    *Silverman vs. Stuart F. Cooper Inc.*, Superior Court of California, County of Los Angeles, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in case involving claims for wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages).

---

[3] *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C.D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *see also Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

16

DEFENDANT'S NOTICE OF REMOVAL

65.     Accordingly, Plaintiff's prayer for emotional distress damages is also sufficient, on its own, to satisfy the amount in controversy.

### 3.     Alleged punitive damages also likely exceed $75,000.

66.     While Hire a Helper adamantly rejects Plaintiff's assertion that punitive damages are recoverable in this case, Plaintiff's prayer for punitive damages is also sufficient to meet the amount in controversy requirement to remove this case. *See Duin v. Allstate Insurance Co*., 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 451 (S.D. Cal. 1995). Punitive damages awards in employment cases often greatly exceed $75,000.00[4]:

(a)     *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Los Angeles Superior Court Case No. BC511139, 2015 WL 4748037 (Cal. Super. July 17, 2015) (jury verdict for the plaintiff in the amount of $8,769,128, including **$5,000,000 in punitive damages**, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss, for claims of wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation).

(b)     *Verdine v. McDonnel-Douglas Corp. et al.*, 1998 WL 35471332 (Cal.Super. July 7, 1998) (**$26,000,000 in punitive damages**, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in

---

[4] To show that the likely amount of any punitive damages recovery will exceed the jurisdictional amount in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002). The cases cited need not have identical facts. (*Id*.)

DEFENDANT'S NOTICE OF REMOVAL

wrongful termination case).

(c)    *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and **$5,000,000 in punitive damages** awarded to the plaintiff).

67.    Accordingly, Plaintiff's prayer for punitive damages alone also satisfies the amount in controversy requirement.

*4.    Potential recovery of attorney's fees likely exceeds $75,000.*

68.    Plaintiff's statutory claim for recovery of attorney's fees provides further support that the amount in controversy requirement is met since "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams,* 53 F.Supp.3d at 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams,* 53 F.Supp.3d at 152. Simply put, it is likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial. This is particularly true considering Plaintiff has hired 3 separate law firms to represent her in this action. For this independent reason, Plaintiff's Complaint satisfies the amount in controversy requirement.

69.    *Plaintiff's individual wage and hour claims are also included.*

70.    Plaintiff's individual claims for unpaid overtime and waiting time penalties also contribute to the amount in controversy for traditional diversity. Plaintiff's individual claim for unpaid overtime amounts to at least $8,262 (153

18

weeks * 2 OT hr * $27/hr), and her claim for waiting time penalties is $4,320 ($18/hr * 8hrs/day * 30 days). Together, her individual wage and hour claims put at issue at least an additional **$12,582**.

71.     In sum, the damages Plaintiff claims individually for her 11 causes of action in the Complaint easily establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum amount of $75,000.00. Accordingly, this State Court action may be removed to the United States District Court for the Southern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

## V.    SUPPLEMENTAL JURISDICTION

72.     Where complete diversity exists between the named plaintiff and the defendants, and the named plaintiff's individual claims meet the amount in controversy, federal courts have supplemental jurisdiction over class action claims filed by the named plaintiff in the same case.  See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

## VI.    TIMELINESS OF REMOVAL

73.     Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise…" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Defendant Hire A Helper was deemed served with the Summons and Complaint on December 30, 2020. Accordingly, this Notice of Removal is timely.

## VII.    CONSENT TO REMOVAL

74.     All defendants are required to consent or join in removal for purposes of traditional diversity jurisdiction. Here, all Defendants consent to the removal of the action, as required by 28 U.S.C. § 1446(b)(2)(A). Ahmad Decl., ¶¶ 5-6; Singleton Decl, ¶ 8; Miller Decl. ¶ 8.

75.     Consent of co-defendants is not required for removal under the CAFA.

19

DEFENDANT'S NOTICE OF REMOVAL

*See* 28 U.S.C. § 1453(b); *United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208-09 (9th Cir. 2008).

**VIII.  VENUE IS PROPER**

76.    Because Plaintiff's state-court action was filed in the Superior Court of California for the County of San Diego, it is properly removed to the United States District Court for the Southern District of California. See 28 U.S.C. §§ 84(a) and 1441(a).

**IX.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

77.    A written Notice of Removal in the United States District Court for the Southern District of California was served on Plaintiffs' counsel of record and filed in State Court. A copy of Defendant's Notice to State Court and Notice to Adverse Party of Removal of Action to Federal Court is attached as **Exhibit H** (without exhibits because the exhibit is this Notice).

Dated:  January 28, 2021                Respectfully submitted,

                                        **FISHER & PHILLIPS LLP**


                        By: */s/ Kevonna J. Ahmad*
                            Danielle Hultenius Moore
                            Kevonna J. Ahmad
                            Attorneys for Defendants
                            Hire A Helper, LLC, Porch.com, Inc. and
                            Keri Miller

DEFENDANT'S NOTICE OF REMOVAL

FP 39679860.3

1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On January 28, 2021 I served the foregoing document entitled **DEFENDANT HIRE A HELPER, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL FROM STATE COURT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

David C. Hawkes
BLANCHARD KRASNER & FRENCH
800 Silverado Street, Second Floor
La Jolla, CA  92037

Telephone:  (858) 551-2440
Email:  dhawkes@bkflaw.com
*Attorneys for Plaintiff*
*Ariana Preston*

Stephen J. Matcha
MATCHA LAW
13223 Black Mountain Road, #233
San Diego, CA  92129-2699

Telephone:  (619) 565-3865
Email:  steve@matchalaw.com
*Attorneys for Plaintiff*
*Ariana Preston*

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 28, 2021 at San Diego, California.

| Michael Lynn Filio | By: | [signature] |
|---|---|---|
| Print Name | | Signature |

1

CERTIFICATE OF SERVICE