1  BLANCHARD, KRASNER & FRENCH
   David C. Hawkes; SBN: 224241
2  dhawkes@bkflaw.com
   800 Silverado St., 2nd Floor
3  La Jolla, CA 92037
   Telephone:    (858) 551-2440
4  Facsimile:    (858) 614-7008

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone:    (909) 463-6363
Facsimile:    (909) 614-7008

5
6  MATCHA LAW
   Stephen Matcha; SBN: 249176
7  steve@matchalaw.com
   13223 Black Mountain Rd, #233
8  San Diego, CA 92129-2699
   Telephone:    (619) 565-3865

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/23/2020** at 05:00:45 PM

Clerk of the Superior Court
By Vanessa Bahena, Deputy Clerk

9
10  Attorneys for Plaintiff, ARIANA PRESTON

11  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12  **IN AND FOR THE COUNTY OF SAN DIEGO**

13

14  **ARIANA PRESTON, Individually and On Behalf of All Others Similarly Situated,**   )   Case No.   37-2020-00042869-CU-OE-CTL
                                                                                         )
15                                          **Plaintiffs,**                              )   **COMPLAINT FOR DAMAGES,**
                                                                                         )   **PENALTIES, RESTITUTION &**
16  v.                                                                                    )   **INJUNCTIVE RELIEF**
                                                                                         )
17                                                                                       )   **CLASS ACTION**
18  **PORCH.COM, INC., a Delaware**                                                       )
    **Corporation; HIRE A HELPER LLC, a**                                                 )   1.  **Failure to Pay Overtime in Violation of**
19  **California Limited Liability Company;**                                             )       **Cal. Labor Code §§ 510 & 1194;**
    **KERI MILLER, an individual; and DOES 1**                                           )   2.  **Failure to Pay Compensation When Due**
20  **through 50, inclusive,**                                                           )       **at Time of Separation of Employment in**
                                                                                         )       **Violation of Cal. Labor Code §§ 201-203;**
21                                          **Defendants.**                              )       **and**
                                                                                         )   3.  **Unlawful and Unfair Business Practices**
22                                                                                       )       **in Violation of Cal. Bus. & Prof. Code §**
                                                                                         )       **17200 et seq.**
23                                                                                       )
24                                                                                       )   **INDIVIDUAL ACTION**
                                                                                         )
25                                                                                       )
                                                                                         )   4.  **Retaliation in Violation of the FEHA;**
26                                                                                       )
                                                                                         )   5.  **Discrimination in Violation of the FEHA;**
27                                                                                       )
28

- 1 -

|   |   |
|---|---|
| ) | **6. Hostile Work Environment Harassment Based on Disability in Violation of the FEHA;** |
| ) | **7. Failure to Engage in the Interactive Process in Violation of the FEHA;** |
| ) | **8. Failure to Accommodate in Violation of the FEHA;** |
| ) | **9. Retaliation in Violation of CFRA;** |
| ) | **10. Failure to Prevent Discrimination, Harassment, and Retaliation;** |
| ) | **11. Wrongful Constructive Termination in Violation of Public Policy.** |
| ) | **JURY TRIAL DEMANDED** |
| ) | [Unlimited Civil Action] |

Plaintiff Ariana Preston ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant PORCH.COM, INC. is a Delaware corporation with its principal place of business located in Seattle, Washington. At all relevant times mentioned herein, PORCH.COM conducted and continues to conduct substantial business in the State of California, including throughout San Diego County.

2.      According to its website, www.porch.com, PORCH.COM, INC. is a "vertical SaaS (software as a service) company" that offers a "full range of products and services where homeowners can: Compare and buy home and auto insurance policies...Have their entire move coordinated...Discover and install the best home automation and security systems...Compare

– 2 –

**COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

internet and TV options for the new home...Book small handyman jobs...Compare bids from pros who can complete bigger jobs..."

3.      Defendant HIRE A HELPER LLC is a California limited liability company with its principal place of business located in Oceanside, California. At all relevant times mentioned herein, PORCH.COM conducted and continues to conduct substantial business in the State of California, including throughout San Diego County.

4.      According to its website, www.hireahelper.com, HIRE A HELPER LLC is the "best reviewed moving service provider on the Internet" and has "over 2,000 incredible moving companies signed on as part of our mover marketplace."  In 2018, HIRE A HELPER LLC was acquired by PORCH.COM.

5.      On information and belief, Defendant KERI MILLER ("MILLER") is, and at all relevant times was, a competent adult residing in Arizona. On behalf of California-based Defendant HIRE A HELPER LLC, MILLER supervised PLAINTIFF in the course of PLAINTIFF'S California employment, and is herein being sued for her conduct arising from that supervision.

6.      PLAINTIFF Ariana Preston ("PLAINTIFF") was employed by HIRE A HELPER LCC in San Diego County, California from approximately April 30, 2014 to October 2018 as a non-exempt employee, and was paid in whole or in part on an hourly basis and received additional compensation from HIRE A HELPER LLC in the form of non-discretionary commission wages and performance bonuses.

7.      PLAINTIFF was employed by PORCH.COM, INC. in San Diego County, California from approximately October 2018 to October 2019 as a non-exempt employee, and was paid in whole or in part on an hourly basis and received additional compensation from PORCH.COM in the form of non-discretionary commission wages and performance bonuses.

8.      PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times Defendants PORCH.COM and HIRE A HELPER LLC have employed PLAINTIFF and the

**COMPLAINT FOR DAMAGES,**
**PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 9

members of the proposed Class, and exercised control over PLAINTIFF'S and the proposed Class members' wages, hours and working conditions.

9.    PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendants PORCH.COM, INC. and HIRE A HELPER LLC ("DEFENDANTS") in California as non-exempt employees who received commission and/or bonus compensation payments during the same pay period in which they worked overtime hours (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

10.    State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members have been compensated at an hourly rate plus DEFENDANTS' non-discretionary commission and bonus program, that provides employees paid on an hourly basis with commission and bonus compensation when the employees meet various sales or performance goals. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANTS did not include the non-discretionary commission and bonus monies earned by PLAINTIFF and other CALIFORNIA CLASS Members. Management and supervisors described the commission and bonus program to potential and new employees as part of the compensation package. As a matter of law, the commission and bonus compensation received by the PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANTS.

11.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANTS' uniform policy and practice which failed to lawfully compensate these employees for all their overtime hours worked.

– 4 –

DEFENDANTS' uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANTS retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

12. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

13. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## CONDUCT FOR CLASS ACTION

14. PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

**COMPLAINT FOR DAMAGES,**
**PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 11

15.     During the CALIFORNIA CLASS PERIOD, DEFENDANTS failed, and continue to fail, to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime hours worked. DEFENDANTS have systematically, unlawfully and unilaterally failed to accurately calculate wages for overtime hours worked by the PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime compensation. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeit wages due them for regularly working overtime without compensation at the correct overtime rates. DEFENDANTS' uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records, including but not limited to, DEFENDANTS' payroll records, which demonstrate non-discretionary commission and/or bonus payments have not been factored into the overtime rate of pay calculations for their employees.

16.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS have, as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to compensate the PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime hours worked. This uniform policy and practice of DEFENDANTS is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

17.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANTS committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately calculate and record the overtime rate for the overtime hours worked by the PLAINTIFF and other CALIFORNIA

**COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 12

CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANTS' burden. As a result of DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS fail to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

18.    As an example, during the pay period of July 28, 2019 to August 10, 2019, the following facts are undisputed and are stated on PLAINTIFFS' itemized wage statements that were created and issued by DEFENDANTS: (a) DEFENDANTS paid PLAINTIFF an hourly rate of $18.00 for non-overtime hours during the July 28-August 10, 2019 pay period; (b) PLAINTIFF worked 2.0 hours of overtime during the July 28-August 10, 2019 pay period; (c) PLAINTIFF earned $825.04 in the form of non-discretionary commission wages during the July 28-August 10, 2019 pay period; and (d) DEFENDANTS did not include the aforementioned commission wages in PLAINTIFF's overtime rate of pay, but instead calculated PLAINTIFF'S overtime rate of pay to be $27.00 (based solely off of the $18.00 hourly rate) for the 2.0 hours of overtime incurred by PLAINTIFF during the July 28-August 10, 2019 pay period. The commission and/or bonus monies paid by DEFENDANTS to PLAINTIFF during the July 28-August 10, 2019 pay period constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay."

19.    To date, DEFENDANTS have not fully paid PLAINTIFF for all her overtime wages still owed to her under Labor Code §§ 510 and 1194 or any penalty wages owed to her under California Labor Code § 203.

## CONDUCT FOR INDIVIDUAL ACTION

20.    PLAINTIFF worked for the entity Defendants since April 30, 2014. She was a corporate Customer Service Representative ("CSR"). Her role included maintaining relationships with moving companies, providing customer service for the Company's clients, and processing work orders. She was paid an hourly rate with commission.

21.    PLAINTIFF has Vascular EDS and POTS (Ehlers-Danlos Syndrome & Postural

– 7 –

Exhibit B - page 13

Orthostatic Tachycardia Syndrome), conditions causing severe pain, reduced mobility, and dizziness/fainting, among many other symptoms. Working remotely allowed her to better care for her symptoms, reducing her pain, and making her more productive. Accordingly, the Company's COO, Pete Johnson, agreed to accommodate PLAINTIFF by allowing her to work remotely. The arrangement worked very well, allowing PLAINTIFF to remain a high performing employee of the Company.

22.    After MILLER became PLAINTIFF's new manager, PLAINTIFF met with MILLER and Mr. Johnson in about April or May of 2019 to discuss her role and need for continued accommodation with remote work. The terms of her employment were settled, and Mr. Johnson and MILLER confirmed that she would be allowed to continue her employment remotely.

23.    Thereafter, MILLER demonstrated a pattern of contempt toward PLAINTIFF because of her disability, including the following:

a.    In about late June or early August 2019 -- during a video in which MILLER could clearly see PLAINTIFF on her couch with a red face from crying – MILLER told PLAINTIFF, in a condescending manner, "You look like you're on pain killers. We will have to have this conversation again tomorrow." The next day, PLAINTIFF told MILLER that the interaction was degrading. MILLER apologized, said she regretted it, and she needed to develop a verbal filter.

b.    In about mid- to late August 2019, MILLER told PLAINTIFF that she thought PLAINTIFF was faking her disability to avoid work because she thought PLAINTIFF did not like being on her team. PLAINTIFF explained that was not true and that she did enjoy her work and teammates, and she was doing a good job.

24.    On September 12, 2019, while Mr. Johnson was on vacation, MILLER met with PLAINTIFF and Human Resources representative Joyce Portugal to tell PLAINTIFF that she needed to find another job, she could not be in MILLER's department with her medical needs, and

**COMPLAINT FOR DAMAGES,**
**PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 14

the other departments would not suit her needs either. MILLER said that PLAINTIFF's absence in the team made a noticeable impact and she could not allow the slack to occur, the team needed to be together to work hard and well, and that it would not grow or function well with remote people in the department.

25.    Since that time, MILLER refused to allow PLAINTIFF to work remotely. Instead, PLAINTIFF was offered medical leave. That would not have been an adequate accommodation because PLAINTIFF's condition is chronic. PLAINTIFF was also offered a transfer to a more stressful position dealing with complaints and collections. That too would not have been an adequate accommodation because the position was likely to increase PLAINTIFF's blood pressure, and in turn, increase her already severe pain.

26.    MILLER simply did not want to provide PLAINTIFF with an abundantly reasonable disability accommodation that PLAINTIFF needed. PLAINTIFF did not supervise anyone, and there was no need for her to work on site. Ironically, MILLER worked remotely from Arizona; and had remote work been necessary, the company would have temporarily closed rather than transition to remote work when COVID-19 arose.

27.    On October 4, 2019, PLAINTIFF, through legal counsel, sent Ms. Portugal a letter outlining the illegality of, *inter alia*, failing to provide PLAINTIFF with reasonable disability accommodations and attempting to rectify the violations. In that letter, PLAINTIFF's counsel clearly explained to Ms. Portugal that "[t]he Company, its agents, attorneys, and advisers may not contact Ms. Preston regarding this matter. Ms. Preston does not want to discuss this matter directly with the Company or any of its agents. Attempting to do so will hinder negotiations or even add liability to the Company." Yet, that is exactly what Ms. Portugal did.

28.    One week after Ms. Portugal received the letter, she approached PLAINTIFF and repeatedly asked her to explain why she (Ms. Portugal) received the letter, as if it was not self-evident. Ms. Portugal persisted, despite PLAINTIFF repeatedly telling her to contact her counsel about it. Ms. Portugal went on to tell PLAINTIFF, "if this goes to litigation, things come out." At worst, that was a threat. At best, it was designed to deter PLAINTIFF from asserting her claims.

**COMPLAINT FOR DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 15

The Fair Employment and Housing Act ("FEHA," thoroughly explained to Ms. Portugal in the letter) "protects employees against preemptive retaliation by the employer." (*Steele v. Youthful Offender Parole Bd*. (2008) 162 Cal.App.4th 1241, 1253.) "The legislative purpose underlying FEHA's prohibition against retaliation is to prevent employers from deterring employees from asserting good faith discrimination complaints[.]" (*Ibid.*) On October 13, 2019, PLAINTIFF (through counsel) emailed Mr. Johnson, explaining the above.

29.    On October 29, 2019, PLAINTIFF informed Ms. Portugal and Mr. Johnson that she needed medical leave from work because she had been "fainting a lot, resulting in struggling to maintain consciousness…."

30.    On October 30, 2019, Ms. Portugal wrote PLAINTIFF an email insincerely explaining, "I know that you resigned several weeks ago and told us that your last day would be tomorrow, but I did want to take the opportunity to reiterate again that we have not terminated you and are still open to you staying on.  We never received a formal written resignation from you, so I had hoped that you would be changing your mind." Not wanting to debate with Ms. Portugal or resign, PLAINTIFF did not respond.

31.    On October 31, 2019, when PLAINTIFF returned to work, Ms. Portugal told her she was surprised that PLAINTIFF returned because she had not responded to the email. Ms. Portugal then ushered PLAINTIFF into a meeting with another person, and later Mr. Johnson, which culminated in PLAINTIFF communicating that she could no longer continue the employment.

32.    PLAINTIFF arrived to work on October 31 with no intention of leaving the company. Soon after receiving multiple communications from PLAINTIFF's attorney and knowing full well that PLAINTIFF was in a vulnerable state, high-ranking company representatives swarmed PLAINTIFF into a meeting clearly designed to overwhelm and pressure her into resigning.

## JURISDICTION AND VENUE

33.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

– 10 –

Paragraphs

34.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382. This Court has jurisdiction over Defendant because each co-defendant is a corporation, limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market.

35.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked for DEFENDANTS in San Diego County, California, and DEFENDANTS (i) currently maintain and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

36.    The monetary damages and restitution sought by PLAINTIFF exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

## THE CALIFORNIA CLASS AND FORMER EMPLOYEE SUBCLASS

37.    PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

38.    PLAINTIFF brings the First Cause Action for unpaid overtime and the Third Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") ,as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as "all individuals who are or previously were employed by Defendants PORCH.COM, INC. and HIRE A HELPER LLC in California as non-exempt employees who received commission and/or bonus compensation payments during the same pay period in which they worked overtime hours (the 'CALIFORNIA CLASS') at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as

- 11 -

determined by the Court (the 'CALIFORNIA CLASS PERIOD')."

39.    PLAINTIFF brings the Second Cause Action for the unlawful failure to pay former employees all wages owed at the time of their separation of employment in California on behalf of a subclass, defined as "all individuals who were previously employed by Defendants PORCH.COM, INC. and HIRE A HELPER LLC in California as non-exempt employees who received commission and/or bonus compensation payments during the same pay period in which they worked overtime hours at any time during the period beginning three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FORMER EMPLOYEE SUBCLASS").

40.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

41.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [*inter alia*] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the FORMER EMPLOYEE SUBCLASS qualify for exemption from the above requirements.

42.    DEFENDANTS, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and

- 12 -

willfully, engaged in a practice whereby DEFENDANTS systematically failed to correctly calculate and record overtime compensation for overtime hours worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANTS enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

43.    DEFENDANTS have the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime hours worked and to accurately calculate the "regular rate of pay" by including the commission and bonus compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded on a monthly basis. DEFENDANTS, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fail to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime hours worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

44.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime hours worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq.*

45.    Numerosity: The potential number of members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit

- 13 -

both the parties and this Court. The quantity of members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS is currently unknown to PLAINTFF; however, it is estimated that there are at least 200 members in the CALIFORNIA CLASS, and at least 100 members in the FORMER EMPLOYEE SUBCLASS. The quantity and identity of such membership is readily ascertainable via inspection of DEFENDANTS' employment records, which DEFENDANTS are required to maintain under California law.

46.    Typicality:  The claims of PLAINTFF are typical of the claims of all members of the CLASS mentioned herein because all members of the CLASS and FORMER EMPLOYEE SUBCLASS sustained injuries and damages arising out of DEFENDANTS' common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS and SUBCLASS were caused by DEFENDANTS' wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

47.    Adequacy:  PLAINTFF is an adequate representative of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS and will fairly protect the interests of the members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS, and has no interests antagonistic to the members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

48.    Superiority.  The nature of this action and the nature of the laws available to PLAINTFF make the use of the class action format a particularly effective and appropriate procedure to afford relief to PLAINTFF for the wrongs alleged herein:

        a.    This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

        b.    If each individual member of the CALIFORNIA CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit

- 14 -

and overwhelm the limited resources of each member of the CALIFORNIA CLASS with Defendants' vastly superior financial and legal resources.

c.   Requiring each individual member of the CALIFORNIA CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CALIFORNIA CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

d.   Proof of a common business practice or factual pattern, of which the members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS experienced, is representative of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS herein and will establish the right of each of the members of CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS to recover on the causes of action alleged herein; and

e.   The prosecution of separate actions by the individual members of the CALIFORNIA CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CALIFORNIA CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CALIFORNIA CLASS.

Existence and Predominance of Common Questions of Fact and Law:

49.   There are common questions of fact and law as to the members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS, which predominate over questions affecting only individual members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS including, without limitation:

- 15 -

a.  Whether DEFENDANTS have unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

b.  Whether the members of the CALIFORNIA CLASS are entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.  Whether DEFENDANTS failed to accurately record the applicable overtime rates for all overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA CLASS;

d.  Whether DEFENDANTS willfully failed to timely pay Plaintiff and members of the FORMER EMPLOYEE SUBCLASS all wages due at the time of separation from employment in accordance with applicable California law;

e.  Whether DEFENDANTS' policies and practices constituted unlawful or unfair business practices under California's Unfair Competition Law;

f.  What relief is necessary to remedy DEFENDANTS' unfair and unlawful conduct as herein alleged;

g.  Whether the members of the CALIFORNIA CLASS are entitled to compensatory damages, and if so, the means of measuring such damages;

h.  Whether the members of the CALIFORNIA CLASS are entitled to injunctive relief;

i.  Whether the members of the CALIFORNIA CLASS are entitled to restitution;

j.  Whether the members of the CALIFORNIA CLASS are entitled to disgorgement of profits;

k.  Whether the members of the FORMER EMPLOYEE SUBCLASS are entitled to "waiting time penalties;"

l.  Whether DEFENDANTS are liable for pre-judgment interest; and

m.  Whether DEFENDANTS are liable for attorneys' fees and costs.

- 16 -

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Compensation)
### (On Behalf of PLAINTIFF and the CALIFORNIA CLASS, against all DEFENDANTS except MILLER)

50.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

51.     PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' failure to accurately calculate the applicable rates for all overtime hours worked by PLAINTIFF and other member of the CALIFORNIA CLASS and DEFENDANTS' failure to properly compensate the members of the CALIFORNIA CLASS for overtime hours worked, including, work performed in excess of eight (8) hours in a workday and forty (40) hours in any workweek.

52.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

53.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

54.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with attorneys' fees and costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

55.     DEFENDANTS maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct applicable overtime rate for the number of overtime hours they worked. As set forth herein, DEFENDANTS' uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due for the overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA CLASS, and DEFENDANTS have failed to pay these California employees the correct applicable overtime wages for all overtime hours worked.

– 17 –

56.     In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the applicable overtime rates and consequently underpaid the actual hours worked. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

57.     As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for all overtime hours worked.

58.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, the PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waiveable rights provided by the State of California.

59.     During the CALIFORNIA CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less per hour worked than they were entitled to, constituting a failure to pay all earned wages.

60.     DEFENDANTS failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the hours they worked which were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work, overtime hours as to which DEFENDANTS failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANTS' business records and witnessed by employees.

61.     By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA CLASS for the true

- 18 -

number of hours they worked, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, attorneys' fees and costs of suit, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the California Labor Code and/or other applicable statutes.

## SECTION CAUSE OF ACTION

(Failure to Pay Compensation When Due at Time of Separation of Employment
in Violation of Labor Code §§ 201-203)

(On Behalf of PLAINTIFF and the FORMER EMPLOYEE SUBCLASS, against all
DEFENDANTS except MILLER)

63.    PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

64.    California Labor Code Section 201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge. California Labor Code Section 202 requires an employer to promptly pay compensation due and owing an employee within 72 hours of that employee's separation of employment by resignation. California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code Sections 201 and 202, said employer is liable to said employee for waiting time penalties.

65.    PLAINTIFF alleges, on the basis of information and belief, that DEFENDANTS have willfully failed and have refused to pay all compensation and wages due and owing, including overtime compensation, to members of the FORMER EMPLOYEE SUBCLASS, including PLAINTIFF, upon their separation of employment.

66.    DEFENDANTS' failure to timely pay compensation and wages to members of the FORMER EMPLOYEE SUBCLASS at the time of their separation of employment has been willful.  As a result, DEFENDANTS are liable to PLAINTIFF and the members of the FORMER

- 19 -

Exhibit B - page 25

EMPLOYEE SUBCLASS for "waiting time penalties" under California Labor Code Section 203, in an amount to be ascertained at trial.

### THIRD CAUSE OF ACTION
(Unlawful and Unfair Business Practices: Business & Professions Code §§ 17200 *et seq.*)
(On behalf of PLAINTIFF and the CALIFORNIA CLASS, against all DEFENDANTS except MILLER)

67.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

68.     Each of the named DEFENDANTS is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

69.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.
> Cal. Bus. & Prof. Code § 17203.

70.     By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code including Sections 510, 1194 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

71.     By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or

- 20 -

substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

72.    By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime hours worked, failed accurately to record the applicable rate of all overtime hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

73.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair and deceptive in that DEFENDANTS' employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

74.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime hours worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete against competitors who comply with the law.

75.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all hours worked.

- 21 -

76.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and unfair business practices in the future.

77.    PLAINTIFF is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, DEFENDANTS will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

**FOURTH CAUSE OF ACTION**
(Retaliation in Violation of the FEHA: Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

78.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

79.    California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice or engaged in activity protected by FEHA.

80.    An employer may not lawfully discriminate or retaliate against an employee who requests reasonable accommodation of his or her disability, a protected activity under the FEHA. Cal. Gov. Code § 12940(h); see *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.

81.    Despite the fact that PLAINTIFF provided Defendants with information regarding her medical condition and disability, medical documentation to support her request for reasonable accommodation, and repeatedly attempted to work with Defendants to perform her job duties with accommodations, she was disciplined and ultimately terminated by Defendants.

82.    PLAINTIFF's medical condition, her use of medical leave and/or her disability was a substantial motivating factor in Defendants' decision to fail to accommodate her disability, harass her, and discipline and constructively terminate her.

83.    As a result of Defendants' retaliatory actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages,

– 22 –

emotional distress, and attorney's fees and costs according to proof at trial.

84.    PLAINTIFF's supervisors and Human Resources department carried out retaliatory acts against her. Defendants' supervisors acted with a conscious disregard of PLAINTIFF's disability and her rights and with the intent to vex, injure, and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

85.    As a direct and proximate cause of the acts alleged above, PLAINTIFF had to hire the services of an attorney. PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### FIFTH CAUSE OF ACTION
(Disability Discrimination in Violation of the FEHA:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

86.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

87.    At all times relevant, PLAINTIFF was disabled as defined by the FEHA as she suffered from one or more diseases, disorders, or conditions that affected one or more of her body systems and that limited major life activities.

88.    PLAINTIFF was at all times a qualified individual with a physical disability that limited a major life activity pursuant to California Government Code § 12926.1.

89.    Alternatively, at all times herein relevant, Defendants perceived that PLAINTIFF suffered from a physical disability as defined by the FEHA. California Government Code § 12940(a) forbids an employer to discriminate against an employee because of a physical disability or because the employee is perceived to be physically disabled.

90.    PLAINTIFF's disability substantially limited her ability to work. However, PLAINTIFF was able to perform the essential functions of the job with reasonable accommodation.

– 23 –

91.    Defendants, by way of their managerial employees and Human Resources department, were aware of PLAINTIFF's medical condition and disability. PLAINTIFF informed her supervisors and the Human Resources department of her medical condition, disability and need for accommodation. Defendants knew or should have known that PLAINTIFF's medical condition falls within the definition of a disability under the California Government Code § 12926.

92.    Defendants discriminated and took adverse actions against PLAINTIFF because of her disability. Moreover, Defendants failed to address PLAINTIFF's requests to accommodate her disability. Defendants knew or should have known that its failure to accommodate PLAINTIFF would cause her difficulty completing her job, as well as continued stress, which would aggravate her physical disability and cause PLAINTIFF further harm and physical and emotional suffering. In fact, PLAINTIFF was harmed as a result of Defendants' failure to provide accommodations as she was disciplined and ultimately was constructively terminated.

93.    Defendants created or allowed to be created, by and through its employees, a stressful work environment by denying or ignoring PLAINTIFF's physical disability and her repeated requests for accommodation in an effort to push her out of her employment with Defendants.

94.    PLAINTIFF is informed and believes and thereon alleges that the aforementioned conduct, including but not limited to, her constructive discharge, was motivated by her physical disability or perceived physical disability. The aforepled conduct of the Defendants, and each of them, constitutes discrimination based on PLAINTIFF's physical disability or perceived physical disability and accordingly violates Government Code §12940(a) and other provisions of the FEHA.

95.    As a result of Defendants' continuous intentional and malicious conduct, PLAINTIFF suffered emotional distress. Defendants' conduct was carried out with a conscious disregard of her rights thereby justifying an award of punitive damages.

96.    As a result of Defendants' unlawful conduct as alleged, PLAINTIFF is entitled to back wages, front wages, other employment benefits, emotional distress damages, and other damages related to her medical condition, and attorney's fees and costs according to proof.

– 24 –

### SIXTH CAUSE OF ACTION

(Hostile Work Environment Harassment Based on Disability:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

97.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

98.    PLAINTIFF personally witnessed harassing conduct that took place in PLAINTIFF's immediate work environment, as described in this Complaint.

99.    The harassing conduct was so severe or pervasive as to fundamentally alter the nature of PLAINTIFF's work environment.

100.    A reasonable person with a disability in PLAINTIFF's circumstances would have considered the work environment at the Company to be hostile or abusive.

101.    PLAINTIFF considered the work environment to be hostile or abusive toward PLAINTIFF because of PLAINTIFF's actual or perceived disability.

102.    Plaintiff was harassed by a supervisor, making the entity Defendants strictly liable for the harassment.

103.    MILLER, PLAINTIFF's supervisor, engaged in the unlawful harassing conduct described herein.  PLAINTIFF informed Defendants both verbally and through a formal written complaint of the unlawful harassing conduct.  Defendants did not take action to bring a stop to the harassing conduct.

104.    PLAINTIFF was harmed by MILLER's unlawful conduct.

105.    MILLER's unlawful conduct was a substantial factor in causing PLAINTIFF's harm.

106.    As a proximate consequence of Defendants' wrongful acts as stated above, PLAINTIFF has suffered and seeks lost earnings, unlimited compensatory damages for pain and suffering, punitive damages, reasonable attorney fees, the costs of this suit, and other general and special damages suffered.

– 25 –

### SEVENTH CAUSE OF ACTION

(Failure to Engage in the Interactive Process in Violation of the FEHA: Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

107.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

108.    PLAINTIFF provided information to Defendants regarding her medical condition and disability, and need for accommodations, including remote work. However, Defendants did not have a good faith discussion with PLAINTIFF regarding any such accommodations.

109.    When PLAINTIFF requested reasonable accommodations, Defendants were required to enter into a good faith interactive process with PLAINTIFF in accordance with California Government Code § 12940(n). Defendants were aware of PLAINTIFF's medical condition and disability, as noted above, and were required to take affirmative steps to make a reasonable accommodation.

110.    At all relevant times, Defendants were capable of entering into a good faith interactive process with PLAINTIFF, but failed to engage in such a process.

111.    As a proximate result of Defendants' failure to engage in the interactive process, PLAINTIFF was constructively terminated from her employment, lost income and suffered from emotional distress. Had PLAINTIFF's complaints and requests relating to her medical condition and disability been addressed by Defendants, she would not have experienced stress worrying about her job security, and would not have been in a stressful situation. Moreover, she would not have lost income. As a result of Defendants' wrongful actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages, emotional distress, and attorneys' fees and costs according to proof at trial.

112.    PLAINTIFF's supervisors and Human Resources department carried out discriminatory acts against her. These supervisors had authority to engage in the interactive process regarding accommodations and PLAINTIFF's continued employment. PLAINTIFF's supervisors and managing agents acted with a conscious disregard of PLAINTIFF's actual or perceived physical disability and her rights and with the intent to vex, injure, and annoy PLAINTIFF. Such

– 26 –

acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

113.    PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code ' 12965(b) according to proof at trial.

## EIGHTH CAUSE OF ACTION
(Failure to Accommodate in Violation of FEHA:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

114.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

115.    At all relevant times, Defendants are and were required to make reasonable accommodations for PLAINTIFF's physical disability to enable her to perform essential functions of the job in accordance with California Government Code § 12940(m). Defendants were aware of PLAINTIFF's disability and were required to take affirmative steps to make reasonable accommodations.

116.    At all relevant times, Defendants were capable of providing PLAINTIFF with reasonable accommodations. However, Defendants failed to provide effective accommodations for PLAINTIFF's disability.

117.    As a proximate result of Defendants' failure to reasonably accommodate PLAINTIFF's physical disability, PLAINTIFF was constructively terminated from her employment, lost income and suffered emotional distress. Had PLAINTIFF's requests relating to her medical condition and disability been addressed by Defendants, she would not have experienced stress worrying about her job security, and would not have been in a stressful situation. Moreover, she would not have lost income. As a result of Defendants' wrongful actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages, emotional distress, and attorney's fees and costs according to proof at trial.

118.    PLAINTIFF's supervisors, Defendants' managing agents, and the Human

– 27 –

Resources department carried out discriminatory acts against her. These supervisors had authority to engage in the interactive process regarding accommodations and PLAINTIFF's continued employment. PLAINTIFF's supervisors acted with a conscious disregard of PLAINTIFF's physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

119.    PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

## NINTH CAUSE OF ACTION
(Retaliation in Violation of the CRFA; Cal. Gov't Code § 12945.2)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

120.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

121.    Defendants are eligible employers covered by the California Family Rights Act ("CFRA"). PLAINTIFF is an eligible employee covered by both CFRA.

122.    PLAINTIFF requested and/or took leave for her own serious health condition.

123.    PLAINTIFF provided reasonable notice to Defendants of her need for medical leave, however, Defendants retaliated against PLAINTIFF because she requested and/or took leave when they disciplined and constructively terminated her as a result of the same.

124.    Defendants' unlawful actions were a substantial factor in causing PLAINTIFF's harm.

125.    Defendants' unlawful conduct caused PLAINTIFF severe emotional distress, loss of salary, loss of employment benefits, direct costs, interest, and attorney's fees and costs in an amount to be proven at trial.

126.    PLAINTIFF's supervisors and Defendants' managing agents acted with a conscious disregard of PLAINTIFF's physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code §

– 28 –

3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

127.    PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### TENTH CAUSE OF ACTION

(Failure to Prevent Discrimination, Harassment, and Retaliation:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

128.    PLAINTIFF hereby reallege and incorporate by reference herein each and every preceding paragraph of this Complaint.

129.    Defendants, and PLAINTIFF's supervisors who worked for Defendants, had knowledge and awareness, or should have had knowledge and awareness, of the discrimination and harassment of PLAINTIFF as a result of her medical condition and disability and need for medical leave and accommodation as a result of the same. Defendants failed, at all times relevant, to take adequate measures to stop the discrimination and harassment, even after PLAINTIFF notified them that she was being wrongfully disciplined for taking protective leave and/or for her medical condition and disability.

130.    Defendants had a duty to investigate PLAINTIFF's claims of discrimination, harassment and retaliation. Defendants also had a duty to take all reasonable steps necessary to remedy and prevent discrimination, harassment and retaliation from occurring.

131.    Defendants' failure to take all reasonable steps to prevent PLAINTIFF's discrimination, harassment and retaliation caused PLAINTIFF severe emotional distress, loss of salary, loss of employment benefits, and attorney's fees and costs in an amount to be proven at trial.

132.    PLAINTIFF's supervisors and Defendants' managing agents acted with a conscious disregard of PLAINTIFF's physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

133.    PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and

– 29 –

is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### ELEVENTH CAUSE OF ACTION
(Wrongful Constructive Termination in Violation of Public Policy)
(On behalf of PLAINTIFF only, against all DEFENDANTS except MILLER)

134.    PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

135.    The law and public policy of the State of California prohibit an employer from constructively terminating an employee because of (1) the employee's disability (actual or perceived), (2) the employee requests for or use of reasonable accommodation of his or her disability, (3) the employee's request for or use of medical leave, (4) the employee's protests against the employer's unlawful practices and/or asserting her rights under the law, and/or (5) associating with legal counsel to protect the employee's rights.

136.    PLAINTIFF is, and at all relevant times was, an employee within the meaning of the laws supporting the above causes of action. PLAINTIFF is and was, at all relevant times, disabled and/or diagnosed with a medical condition that limits a major life activity and/or was eligible for medical leave and/or protested unlawful employment practices and/or asserted her rights under the law and/or associated with legal counsel to protect her rights, and as such, is a member of a protected class under California Government Code § 12940 et seq. and Labor Code § 923.

137.    Defendants are, and at all relevant times were, an employer within the meaning of the laws supporting the above causes of action. Those laws prohibit Defendants, and each of them, from harassing, discriminating, and retaliating against PLAINTIFF on the basis of protected membership and activities, described above.

138.    Defendants harassed, discriminated, and/or retaliated against PLAINTIFF on the basis of PLAINTIFF's protected membership and activities, as described above. Defendants thereby created working conditions so intolerable that a reasonable person in PLAINTIFF's position would have had no reasonable alternative except to resign, and Defendants thereby

– 30 –

constructively terminated PLAINTIFF.

139.    The aforesaid acts and omissions by Defendants, and each of them, were knowing, wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF.

140.    Defendants, and each of them, acted as agents of each other. Defendants authorized, ratified and had actual and constructive knowledge of the conduct described above.

141.    Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. Accordingly, PLAINTIFF is entitled to recover punitive damages from Defendants.

142.    As a direct, foreseeable, and proximate result of the aforesaid acts and omissions of Defendants, and each of them, PLAINTIFF has sustained and continues to suffer financial hardship, including loss of compensation, wages and other benefits she otherwise would have received, as well as mental anguish and emotional distress, including humiliation and embarrassment, all to her general damage in an amount according to proof.

143.    WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on her own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.    That the Court issue an Order certifying the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS, appointing the named PLAINTIFF as representatives of all others similarly situated and appointing the law firms representing the named PLAINTIFF as counsel for members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS;

2.    For compensatory damages according to proof to PLAINTIFF and the members of the CALIFORNIA CLASS and FORMER EMPLOYEE SUBCLASS;

3.    For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 &

- 31 -

3289, and any other legal rate that may be applicable to PLAINTIFF and the CALIFORNIA CLASS' causes of action;

4.    For an Order compelling DEFENDANTS to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution) to each of the members of the CALIFORNIA CLASS, including PLAINTIFF, who have suffered as a result of DEFENDANTS' unlawful and unfair employment practices alleged herein;

5.    For an order compelling DEFENDANTS to disgorge and pay over to PLAINTIFF and the members of the CALIFORNIA CLASS all profits and savings resulting from DEFENDANTS' unlawful and unfair business practices alleged herein;

6.    For issuance of a permanent injunction enjoining DEFENDANTS from continuing to engage in the unlawful and unfair business practices alleged herein;

7.    For attorneys' fees and litigation expenses pursuant to all applicable statutes, including Cal. Labor Code sections 218.5, 1194, and as otherwise permitted by law;

8.    For waiting time penalties pursuant to Cal. Labor Code sections 201-203; and

9.    For such other and further relief as the court deems just and proper;

WHEREFORE, PLAINTIFF, on her own behalf only, prays for judgment as follows:

1.    For actual damages;

2.    For compensatory damages;

3.    For general damages according to proof;

4.    For special damages according to proof;

5.    For punitive damages pursuant to California Civil Code §3294;

6.    For reasonable attorney's fees pursuant to California Government Code §12965;

7.    For costs of suit incurred;

8.    For prejudgment interest on all amounts claimed; and

**COMPLAINT FOR DAMAGES,**
**PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 38

1      9.      For all such other and further relief that the Court may deem just and proper.

2  DATED:  November 20, 2020                    BLANCHARD, KRASNER & FRENCH

3

4

5                                              DAVID C. HAWKES

6                                              Attorneys for Plaintiff ARIANA PRESTON,
                                               individually, on behalf of all others similarly situated,
7                                              and on behalf of the general public.

8

9                                              MATCHA LAW
                                               Stephen Matcha; SBN: 249176
10                                             steve@matchalaw.com
                                               13223 Black Mountain Rd., #233
11                                             San Diego, CA 92129-2699
                                               Telephone:    (619) 565-3865
12

13                                             LAW OFFICE OF DAVID A. HUCH
14                                             David A. Huch; SBN: 222892
                                               david.a.huch@gmail.com
15                                             12223 Highland Ave., Ste. 106-574
                                               Rancho Cucamonga, CA  91739
16                                             Telephone:    (909) 463-6363
                                               Facsimile:    (909) 614-7008
17

18

19

20

21

22

23

24

25

26

27

28
                                    –  33  –
                         **COMPLAINT FOR DAMAGES,**
                **PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

Exhibit B - page 39