UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA PRESTON, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>PROCH.COM, INC., a Delaware corporation; HIRE A HELPER LLC, a California limited liability company; KERI MILLER, an individual; and DOES 1 through 50, inclusive,<br><br>                                    Defendants. | Case No.: 21-CV-168 JLS (BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>(ECF No. 29) |

   Presently before the Court is the Parties' Joint Motion for Leave to File a First Amended Complaint ("Joint Mot.," ECF No. 29).

   Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transam. Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

Plaintiff seeks leave to amend the FAC to "(1) add additional affiliated Defendants, (2) clarify the putative class definition to conform to the Settlement, and (3) add additional claims that pertain to newly discovered theories of liability that are to be released in the proposed Settlement, including claims for Labor Code Private Attorneys General Act ('PAGA') penalties premised on alleged violations of California Labor Code, as permitted by California Labor Code § 2698 *et seq.*; Defendants' alleged failure to provide meal periods, and authorize and permit rest periods; Defendants' alleged failure to furnish accurate wage statements; Defendants' alleged failure to reimburse business related expenses; and Defendants' alleged failure to pay vested vacation wages at the time of separation of employment." Joint Mot. at 2. In light of the extremely liberal policy in favor of amendment and Defendants' non-opposition to Plaintiff's request, the Court **GRANTS** the Joint Motion.

In light of the foregoing, the Court **GRANTS** the Parties' Joint Motion (ECF No. 29). Plaintiff **SHALL FILE** the First Amended Class Action Complaint, previously filed as Exhibit A at ECF No. 29, <u>within three (3) Court days of the electronic docketing of this Order</u>. Thereafter, the Clerk of the Court **SHALL UPDATE** the caption and docket accordingly. Pursuant to the Parties' stipulation, Defendants shall not be required to file a

///

///

///

responsive pleading to the First Amended Complaint pending approval of the Parties' proposed Settlement.

**IT IS SO ORDERED.**

Dated: November 24, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge