BLANCHARD, KRASNER & FRENCH
DAVID C. HAWKES; SBN: 224241
dhawkes@bkflaw.com
800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone:  (858) 551-2440
Facsimile:   (858) 551-2434

MATCHA LAW
STEPHEN MATCHA; SBN: 249176
steve@matchalaw.com
13223 Black Mountain Rd., #233
San Diego, CA 92129-2699
Telephone:   (619) 565-3865

LAW OFFICE OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone:  (909) 463-6363
Facsimile:   (909) 614-7008

Attorneys for Plaintiff
ARIANA PRESTON

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA PRESTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORCH.COM, INC., a Delaware Corporation; HIRE A HELPER LLC, a California Limited Liability Company; KERI MILLER, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 21CV0168 JLS (BLMx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**CLASS AC**<br><br>1. Failure to Pay All Wages, Including Overtime Compensation (Cal. Labor Code §§ 204, 218, 221, 510, 1194, and 1197);<br>2. Failure to Pay Accrued and Unused Vacation Pay (Cal. Labor Code §§ 201, 227.3);<br>3. Failure to Authorize and Permit Rest Periods, Or Compensation in Lieu Thereof (Cal. Labor Code § 226.7); |

4. Failure to Provide Meal Periods, Or Compensation in Lieu Thereof (Cal. Labor Code §§ 226.7 and 512);

5. Failure to Reimburse Business Expenses (Cal. Labor Code § 2802, and Cal. Code Regs. tit. 8 § 11040);

6. Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226);

7. Failure to Pay Compensation When Due at Time of Separation of Employment in Violation of Cal. Labor Code §§ 201-203;

8. Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; and

9. Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 *et seq.*)

## INDIVIDUAL ACTION

10. Retaliation in Violation of the FEHA;
11. Discrimination in Violation of the FEHA;
12. Hostile Work Environment Harassment Based on Disability in Violation of the FEHA;
13. Failure to Engage in the Interactive Process in Violation of the FEHA;
14. Failure to Accommodate in Violation of the FEHA;
15. Retaliation in Violation of CFRA;
16. Failure to Prevent Discrimination, Harassment, and Retaliation;
17. Wrongful Constructive Termination in Violation of Public Policy.

**JURY TRIAL DEMANDED**

-2-

FP 42228750.1

Plaintiff Ariana Preston ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant PORCH.COM, INC. is a Delaware corporation with its principal place of business located in Seattle, Washington. At all relevant times mentioned herein, PORCH.COM conducted and continues to conduct substantial business in the State of California, including throughout San Diego County.

2.     According to its website, www.porch.com, PORCH.COM, INC. is a "vertical SaaS (software as a service) company" that offers a "full range of products and services where homeowners can: Compare and buy home and auto insurance policies...Have their entire move coordinated...Discover and install the best home automation and security systems...Compare internet and TV options for the new home...Book small handyman jobs...Compare bids from pros who can complete bigger jobs..."

3.     Defendant HIRE A HELPER LLC is a California limited liability company with its principal place of business located in Oceanside, California. At all relevant times mentioned herein, HIRE A HELPER LLC conducted and continues to conduct substantial business in the State of California, including throughout San Diego County.

4.     According to its website, www.hireahelper.com, HIRE A HELPER LLC is the "best reviewed moving service provider on the Internet" and has "over 2,000 incredible moving companies signed on as part of our mover marketplace." In 2018, HIRE A HELPER LLC was acquired by PORCH.COM.

5.     PLAINTIFF has learned the true name of the defendant designated in her original complaint as fictitious "DOE 1," and PLAINTIFF hereby substitutes

FP 42228750.1

DEFENDANT KANDELA, LLC for DOE 1. PLAINTIFF is informed and believes, and thereon alleges, that KANDELA, LLC is a California limited liability company with its principal place of business located in Los Angeles, California. At all relevant times mentioned herein, KANDELA, LLC conducted and continues to conduct substantial business in the State of California.

6.     PLAINTIFF has learned the true name of the defendant designated in her original complaint as fictitious "DOE 2," and PLAINTIFF hereby substitutes DEFENDANT ELITE INSURANCE GROUP, INC. for DOE 2. PLAINTIFF is informed and believes, and thereon alleges, that ELITE INSURANCE GROUP, INC. is a Delaware corporation with its principal place of business located in Seattle, Washington. At all relevant times mentioned herein, ELITE INSURANCE GROUP, INC. conducted and continues to conduct substantial business in the State of California.

7.     PLAINTIFF has learned the true name of the defendant designated in her original complaint as fictitious "DOE 3," and PLAINTIFF hereby substitutes DEFENDANT SERVIZ, INC. for DOE 3. PLAINTIFF is informed and believes, and thereon alleges, that SERVIZ, INC. is a Delaware corporation with its principal place of business located in Seattle, Washington. At all relevant times mentioned herein, SERVIZ, INC. conducted and continues to conduct substantial business in the State of California.

8.     PLAINTIFF Ariana Preston ("PLAINTIFF") was employed by HIRE A HELPER LLC in San Diego County, California from approximately April 30, 2014 to October 2018 as a non-exempt employee, and was paid in whole or in part on an hourly basis and received additional compensation from HIRE A HELPER LLC in the form of non-discretionary commission wages and performance bonuses.

9.     PLAINTIFF was employed by PORCH.COM, INC. in San Diego County, California from approximately October 2018 to October 2019 as a non-

2

exempt employee, and was paid in whole or in part on an hourly basis and received additional compensation from PORCH.COM in the form of non-discretionary commission wages and performance bonuses.

10.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times Defendants PORCH.COM and HIRE A HELPER LLC have employed PLAINTIFF and the members of the proposed Class, and exercised control over PLAINTIFF'S and the proposed Class members' wages, hours and working conditions.

11.    PLAINTIFF brings this Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a California class, defined as all individuals who are or previously were employed by Defendants PORCH.COM, INC. and HIRE A HELPER LLC or their present and former parents, subsidiaries, affiliates, successors or assigns, including without limitation Kandela, LLC, Serviz.com, Inc., and Elite Insurance Group, Inc. ("DEFENDANTS") in California as non-exempt employees.

12.    State law provide that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other Class Members have been compensated at an hourly rate plus DEFENDANTS' non-discretionary commission and bonus program, that provides employees paid on an hourly basis with commission and bonus compensation when the employees meet various sales or performance goals. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other Class Members, DEFENDANTS did not include the non-discretionary commission and bonus monies earned by PLAINTIFF and other Class Members. Management and supervisors described the commission and bonus program to potential and new employees as part of the compensation package. As a matter of law, the commission and bonus compensation received by the PLAINTIFF and other Class Members must be

3

included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other Class Members by DEFENDANTS.

13.     PLAINTIFF brings this Class Action on behalf of herself and other similarly situated Class Members in order to fully compensate Class Members for their losses incurred during the relevant time period caused by DEFENDANTS' uniform policy and practice which failed to lawfully compensate these employees for all their overtime hours worked. DEFENDANTS' uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANTS retained and continues to retain wages due PLAINTIFF and the other members of the Class.  PLAINTIFF and the other members of the Class seek an injunction enjoining such conduct by DEFENDANTS in the future, relief for the named PLAINTIFF and the other members of the Class who have been economically injured by DEFENDANTS' past and current unlawful conduct, and all other appropriate legal and equitable relief.

14.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the Class, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## CONDUCT FOR CLASS ACTION

15.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

4

FP 42228750.1

16.     During all relevant time periods, DEFENDANTS failed, and continue to fail, to accurately calculate and pay PLAINTIFF and the other members of the Class for their overtime hours worked. DEFENDANTS have systematically, unlawfully and unilaterally failed to accurately calculate wages for overtime hours worked by the PLAINTIFF and other members of the Class in order to avoid paying these employees the correct overtime compensation. As a result, PLAINTIFF and the other members of the Class forfeit wages due them for regularly working overtime without compensation at the correct overtime rates. DEFENDANTS' uniform policy and practice to not pay the members of the Class the correct overtime rate for all overtime hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records, including but not limited to, DEFENDANTS' payroll records, which demonstrate non-discretionary commission and/or bonus payments have not been factored into the overtime rate of pay calculations for their employees.

17.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS have, as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to compensate the PLAINTIFF and the other members of the Class at the correct rate of pay for all overtime hours worked. This uniform policy and practice of DEFENDANTS is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the Class against DEFENDANTS, the statutory period should be adjusted accordingly.

18.     By reason of this uniform conduct applicable to PLAINTIFF and all Class Members, DEFENDANTS committed acts of unfair competition in violation

FP 42228750.1

of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately calculate and record the overtime rate for the overtime hours worked by the PLAINTIFF and other Class Members. The proper calculation of these employees' overtime hour rates is the DEFENDANTS' burden. As a result of DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS fail to properly calculate and/or pay all required overtime compensation for work performed by the members of the Class and violated the California Labor Code and regulations promulgated there under as herein alleged.

19.    As an example, during the pay period of July 28, 2019 to August 10, 2019, the following facts are undisputed and are stated on PLAINTIFFS' itemized wage statements that were created and issued by DEFENDANTS: (a) DEFENDANTS paid PLAINTIFF an hourly rate of $18.00 for non-overtime hours during the July 28-August 10, 2019 pay period; (b) PLAINTIFF worked 2.0 hours of overtime during the July 28-August 10, 2019 pay period; (c) PLAINTIFF earned $825.04 in the form of non-discretionary commission wages during the July 28-August 10, 2019 pay period; and (d) DEFENDANTS did not include the aforementioned commission wages in PLAINTIFF'S overtime rate of pay, but instead calculated PLAINTIFF'S overtime rate of pay to be $27.00 (based solely off of the $18.00 hourly rate) for the 2.0 hours of overtime incurred by PLAINTIFF during the July 28-August 10, 2019 pay period. The commission and/or bonus monies paid by DEFENDANTS to PLAINTIFF during the July 28-August 10, 2019 pay period constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF'S "regular rate of pay."

20.    To date, DEFENDANTS have not fully paid PLAINTIFF for all her overtime wages still owed to her under Labor Code §§ 510 and 1194 or any penalty wages owed to her under California Labor Code § 203.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONDUCT FOR INDIVIDUAL ACTION

21.     PLAINTIFF worked for the entity Defendants since April 30, 2014. She was a corporate Customer Service Representative ("CSR"). Her role included maintaining relationships with moving companies, providing customer service for the Company's clients, and processing work orders. She was paid an hourly rate with commission.

22.     PLAINTIFF has Vascular EDS and POTS (Ehlers-Danlos Syndrome & Postural Orthostatic Tachycardia Syndrome), conditions causing severe pain, reduced mobility, and dizziness/fainting, among many other symptoms. Working remotely allowed her to better care for her symptoms, reducing her pain, and making her more productive. Accordingly, the Company's COO, Pete Johnson, agreed to accommodate PLAINTIFF by allowing her to work remotely. The arrangement worked very well, allowing PLAINTIFF to remain a high performing employee of the Company.

23.     At all relevant times, PLAINTIFF'S supervisor Keri Miller ("Miller") has been a managing agent for Defendants in that Miller has exercised substantial independent authority and judgment in corporate decision making such that Miller's decisions ultimately determine corporate policy After Defendants' managing agent Miller became PLAINTIFF'S new manager, PLAINTIFF met with Miller and Mr. Johnson in about April or May of 2019 to discuss her role and need for continued accommodation with remote work. The terms of her employment were settled, and Mr. Johnson and Miller confirmed that she would be allowed to continue her employment remotely.

24.     Thereafter, Miller demonstrated a pattern of contempt toward PLAINTIFF because of her disability, including the following:

        a.  In about late June or early August 2019 -- during a video in which Miller could clearly see PLAINTIFF on her couch with a red face

FP 42228750.1

from crying – Miller told PLAINTIFF, in a condescending manner, "You look like you're on pain killers. We will have to have this conversation again tomorrow." The next day, PLAINTIFF told Miller that the interaction was degrading. Miller apologized, said she regretted it, and she needed to develop a verbal filter.

b. In about mid- to late August 2019, Miller told PLAINTIFF that she thought PLAINTIFF was faking her disability to avoid work because she thought PLAINTIFF did not like being on her team. PLAINTIFF explained that was not true and that she did enjoy her work and teammates, and she was doing a good job.

25.    On September 12, 2019, while Mr. Johnson was on vacation, Miller met with PLAINTIFF and Human Resources representative Joyce Portugal to tell PLAINTIFF that she needed to find another job, she could not be in Miller's department with her medical needs, and the other departments would not suit her needs either. Miller said that PLAINTIFF'S absence in the team made a noticeable impact and she could not allow the slack to occur, the team needed to be together to work hard and well, and that it would not grow or function well with remote people in the department.

26.    Since that time, Miller refused to allow PLAINTIFF to work remotely. Instead, PLAINTIFF was offered medical leave. That would not have been an adequate accommodation because PLAINTIFF'S condition is chronic. PLAINTIFF was also offered a transfer to a more stressful position dealing with complaints and collections. That too would not have been an adequate accommodation because the position was likely to increase PLAINTIFF'S blood pressure, and in turn, increase her already severe pain.

27.    Miller simply did not want to provide PLAINTIFF with an abundantly reasonable disability accommodation that PLAINTIFF needed. PLAINTIFF did not

FP 42228750.1

supervise anyone, and there was no need for her to work on site. Ironically, Miller worked remotely from Arizona; and had remote work been necessary, the company would have temporarily closed rather than transition to remote work when COVID-19 arose.

28.   On October 4, 2019, PLAINTIFF, through legal counsel, sent Ms. Portugal a letter outlining the illegality of, *inter alia*, failing to provide PLAINTIFF with reasonable disability accommodations and attempting to rectify the violations. In that letter, PLAINTIFF'S counsel clearly explained to Ms. Portugal that "[t]he Company, its agents, attorneys, and advisers may not contact Ms. Preston regarding this matter. Ms. Preston does not want to discuss this matter directly with the Company or any of its agents. Attempting to do so will hinder negotiations or even add liability to the Company." Yet, that is exactly what Ms. Portugal did.

29.   One week after Ms. Portugal received the letter, she approached PLAINTIFF and repeatedly asked her to explain why she (Ms. Portugal) received the letter, as if it was not self-evident. Ms. Portugal persisted, despite PLAINTIFF repeatedly telling her to contact her counsel about it. Ms. Portugal went on to tell PLAINTIFF, "if this goes to litigation, things come out." At worst, that was a threat. At best, it was designed to deter PLAINTIFF from asserting her claims. The Fair Employment and Housing Act ("FEHA," thoroughly explained to Ms. Portugal in the letter) "protects employees against preemptive retaliation by the employer." (*Steele v. Youthful Offender Parole Bd*. (2008) 162 Cal.App.4th 1241, 1253.) "The legislative purpose underlying FEHA's prohibition against retaliation is to prevent employers from deterring employees from asserting good faith discrimination complaints[.]" (*Ibid*.) On October 13, 2019, PLAINTIFF (through counsel) emailed Mr. Johnson, explaining the above.

30.   On October 29, 2019, PLAINTIFF informed Ms. Portugal and Mr. Johnson that she needed medical leave from work because she had been "fainting a

9

lot, resulting in struggling to maintain consciousness….”

31.    On October 30, 2019, Ms. Portugal wrote PLAINTIFF an email insincerely explaining, “I know that you resigned several weeks ago and told us that your last day would be tomorrow, but I did want to take the opportunity to reiterate again that we have not terminated you and are still open to you staying on.  We never received a formal written resignation from you, so I had hoped that you would be changing your mind.” Not wanting to debate with Ms. Portugal or resign, PLAINTIFF did not respond.

32.    On October 31, 2019, when PLAINTIFF returned to work, Ms. Portugal told her she was surprised that PLAINTIFF returned because she had not responded to the email. Ms. Portugal then ushered PLAINTIFF into a meeting with another person, and later Mr. Johnson, which culminated in PLAINTIFF communicating that she could no longer continue the employment.

33.    PLAINTIFF arrived to work on October 31 with no intention of leaving the company. Soon after receiving multiple communications from PLAINTIFF'S attorney and knowing full well that PLAINTIFF was in a vulnerable state, high-ranking company representatives swarmed PLAINTIFF into a meeting clearly designed to overwhelm and pressure her into resigning.

## JURISDICTION AND VENUE

34.    PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

35.    This Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1332(a) due to the parties diversity of citizenship, and pursuant to 28 U.S. Code § 1332(d) (the Class Action Fairness Act).

36.    Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391, because DEFENDANTS operate substantial business operations in San Diego County, California, and because a

substantial part of the events giving rise to the claims occurred in this district.

## THE CALIFORNIA CLASS AND FORMER EMPLOYEE SUBCLASS

37.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

38.     The putative Class   PLAINTIFF will seek to certify is currently composed of and defined as follows:

> **All current and former non-exempt California employees of DEFENDANTS who were employed between November 23, 2016 and the present (hereinafter, the "the CALIFORNIA CLASS").**

39.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [*inter alia*] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS qualify for exemption from the above requirements.

40.     DEFENDANTS, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of

11

California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANTS systematically failed to correctly calculate and record overtime compensation for overtime hours worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANTS enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

41.   DEFENDANTS have the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime hours worked and to accurately calculate the "regular rate of pay" by including the commission and bonus compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded on a monthly basis. DEFENDANTS, however, as a matter of uniform and systematic policy and procedure failed to have in place during the relevant time period and still fail to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime hours worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

42.   At no time during the relevant time period was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime hours worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq*. At no time during the relevant time period was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq*.

12

43.   <u>Numerosity</u>: The potential number of members of the CALIFORNIA CLASS as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the CALIFORNIA CLASS is currently unknown to PLAINTFF; however, it is estimated that there are at least 200 members in the CALIFORNIA CLASS. The quantity and identity of such membership is readily ascertainable via inspection of DEFENDANTS' employment records, which DEFENDANTS are required to maintain under California law.

44.   <u>Typicality</u>:  The claims of PLAINTFF are typical of the claims of all members of the CLASS mentioned herein because all members of the CLASS sustained injuries and damages arising out of DEFENDANTS' common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS were caused by DEFENDANTS' wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

45.   <u>Adequacy</u>:   PLAINTFF is an adequate representative of the CALIFORNIA CLASS and will fairly protect the interests of the members of the CALIFORNIA CLASS, and has no interests antagonistic to the members of the CALIFORNIA CLASS, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

46.   <u>Superiority</u>.  The nature of this action and the nature of the laws available to PLAINTFF make the use of the class action format a particularly effective and appropriate procedure to afford relief to PLAINTFF for the wrongs alleged herein:

a.   This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

b.    If each individual member of the CALIFORNIA CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the CALIFORNIA CLASS with Defendants' vastly superior financial and legal resources.

c.    Requiring each individual member of the CALIFORNIA CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CALIFORNIA CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

d.    Proof of a common business practice or factual pattern, of which the members of the CALIFORNIA CLASS experienced, is representative of the CALIFORNIA CLASS herein and will establish the right of each of the members of CALIFORNIA CLASS to recover on the causes of action alleged herein; and

e.    The prosecution of separate actions by the individual members of the CALIFORNIA CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CALIFORNIA CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CALIFORNIA CLASS.

14

Existence and Predominance of Common Questions of Fact and Law:

47.     There are common questions of fact and law as to the members of the CALIFORNIA CLASS, which predominate over questions affecting only individual members of the CALIFORNIA CLASS, without limitation:

   a.     Whether DEFENDANTS have unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

   b.     Whether the members of the CALIFORNIA CLASS are entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

   c.     Whether DEFENDANTS failed to accurately record the applicable overtime rates for all overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA CLASS;

   d.     Whether DEFENDANTS willfully failed to timely pay Plaintiff and members of the CALIFORNIA CLASS all wages due at the time of separation from employment in accordance with applicable California law;

   e.     Whether DEFENDANTS' policies and practices constituted unlawful or unfair business practices under California's Unfair Competition Law;

   f.     What relief is necessary to remedy DEFENDANTS' unfair and unlawful conduct as herein alleged;

   g.     Whether the members of the CALIFORNIA CLASS are entitled to compensatory damages, and if so, the means of measuring such damages;

15

h.      Whether the members of the CALIFORNIA CLASS are entitled to injunctive relief;

i.      Whether the members of the CALIFORNIA CLASS are entitled to restitution;

j.      Whether the members of the CALIFORNIA CLASS are entitled to disgorgement of profits;

k.      Whether the members of the CALIFORNIA CLASS are entitled to "waiting time penalties;"

l.      Whether DEFENDANTS are liable for pre-judgment interest; and

m.      Whether DEFENDANTS are liable for attorneys' fees and costs.

### FIRST CAUSE OF ACTION

(Failure to Pay All Wages, Including Overtime Compensation) (Cal. Labor Code §§ 204, 218, 221, 510, 1194, and 1197);
(On Behalf of PLAINTIFF and the CALIFORNIA CLASS, against all DEFENDANTS)

48.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

49.     PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANTS' failure to accurately calculate the applicable rates for all overtime hours worked by PLAINTIFF and other member of the CALIFORNIA CLASS and DEFENDANTS' failure to properly compensate the members of the CALIFORNIA CLASS for overtime hours worked, including, work performed in excess of eight (8) hours in a workday and forty (40) hours in any workweek.

50.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

51.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty

16

(40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

52. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with attorneys' fees and costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

53. DEFENDANTS maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct applicable overtime rate for the number of overtime hours they worked. As set forth herein, DEFENDANTS' uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due for the overtime hours worked by the PLAINTIFF and the other members of the CALIFORNIA CLASS, and DEFENDANTS have failed to pay these California employees the correct applicable overtime wages for all overtime hours worked.

54. In committing these violations of the California Labor Code, DEFENDANTS inaccurately calculated the applicable overtime rates and consequently underpaid the actual hours worked. DEFENDANTS acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

55. As a direct result of DEFENDANTS' unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full compensation for all overtime hours worked.

56. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA

CLASS. Further, the PLAINTIFF and the other members of the CALIFORNIA CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA CLASS based on DEFENDANTS' violations of non-negotiable, non-waiveable rights provided by the State of California.

57.     During the relevant time period, the PLAINTIFF and the other members of the CALIFORNIA CLASS were paid less per hour worked than they were entitled to, constituting a failure to pay all earned wages.

58.     DEFENDANTS failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA CLASS overtime wages for the hours they worked which were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA CLASS were regularly required to work, and did in fact work, overtime hours as to which DEFENDANTS failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANTS' business records and witnessed by employees.

59.     By virtue of DEFENDANTS' unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA CLASS for the true number of hours they worked, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

60.     PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, attorneys' fees and costs of suit, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided

18

by the California Labor Code and/or other applicable statutes.

## **SECOND CAUSE OF ACTION**

(Failure to Pay Accrued and Unused Vacation Pay
in Violation of Labor Code §§ 201, 227.3)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS,
against all DEFENDANTS)

61.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

62.     California Labor Code section 227.3 requires an employer that provides paid vacation, including vested vacation time, vested PTO and vested floating holiday pay, all vested and unused vested vacation time, vested PTO and vested floating holiday pay, as wages upon an employee's termination. Pursuant to California Labor Code section 201, such wages must be paid immediately at the time of discharge.

63.     DEFENDANTS terminated PLAINTIFF'S employment and at the time of her separation of employment, PLAINTIFF had accrued vested vacation time, vested PTO and vested floating holiday pay, which she had not yet used.

64.     DEFENDANTS did not pay PLAINTIFF and members of the CALIFORNIA CLASS all of their vested and unused vacation as wages immediately upon her termination.

65.     At all relevant times, DEFENDANTS have willfully failed to pay members of the CALIFORNIA CLASS, including PLAINTIFF, all wages earned and owing, including vested vacation time, vested PTO and vested floating holiday pay, in violation of California Labor Code §§ 201-203 and 227.3.

66.     DEFENDANTS are liable to PLAINTIFF and the members of the CALIFORNIA CLASS for payment of all vested and unused vacation time, including vested vacation time, vested PTO and vested floating holiday pay, paid at PLAINTIFF'S and the members of the CALIFORNIA CLASS' regular rates of pay

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

as of the date of termination, plus interest.

## **THIRD CAUSE OF ACTION**

(Failure to Authorize and Permit 10-Minute Employee Rest Periods,
Or Provide Compensation in Lieu Thereof, in Violation of Labor Code §§ 226.7)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS,
against all DEFENDANTS)

67.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

68.     PLAINTIFF alleges, on the basis of information and belief, that during all relevant times, DEFENDANTS have promulgated and enforced policies under which members of the CALIFORNIA CLASS, including PLAINTIFF, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which the members of the CALIFORNIA CLASS, including PLAINTIFF, were relieved of all of their respective work duties.

69.     DEFENDANTS have adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order.   DEFENDANTS have failed to authorize and permit members of the CALIFORNIA CLASS, including PLAINTIFF, to take ten-minute rest periods every four hours or major fraction thereof. DEFENDANTS have failed to authorize and permit PLAINTIFF and the other members of the CALIFORNIA CLASS to take 10 minutes' rest during shifts lasting more than three and one-half hours to six hours in length, 20 minutes' rest during shifts lasting more than six hours up to 10 hours in length, and 30 minutes' rest during shifts lasting more than 10 hours up to 14 hours in length.

70.     PLAINTIFF alleges that members of the CALIFORNIA CLASS,

20

including PLAINTIFF, have suffered harm and monetary damages, in an amount to be ascertained at trial.  PLAINTIFF and the other members of the CALIFORNIA CLASS and are entitled to additional wages pursuant to California Labor Code Section 226.7 for each four hour work period, or major fraction thereof, during which members of the CALIFORNIA CLASS were not permitted and authorized to take one or more ten minute rest periods.

## FOURTH CAUSE OF ACTION

(Failure to Provide Meal Periods, Or Provide Compensation in Lieu Thereof
in Violation of Labor Code §§ 226.7 and 512)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS,
against all DEFENDANTS)

71.   PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

72.   PLAINTIFF alleges, on the basis of information and belief, that during all relevant times, DEFENDANTS have promulgated and enforced policies under which members of the CALIFORNIA CLASS, including PLAINTIFF, have regularly worked more than five hours in a daily work period lasting longer than six hours without being provided with an uninterrupted, thirty-minute meal period during which members of the CALIFORNIA CLASS, including PLAINTIFF, were relieved of all of their respective work duties, or under which members of the CALIFORNIA CLASS, including PLAINTIFF, were not provided with a thirty-minute meal period during the first five hours of their work shifts. DEFENDANTS have also promulgated and enforced policies under which members of CALIFORNIA CLASS, including PLAINTIFF, regularly worked more than ten hours in a daily work period lasting longer than twelve hours without being provided with a second uninterrupted, thirty-minute meal period during which members of the CALIFORNIA CLASS, including PLAINTIFF, were relieved of all of their respective work duties, or under which members of the CALIFORNIA

21

CLASS, including PLAINTIFF, were not provided with a second thirty-minute meal period during the first ten hours of their work shifts.   DEFENDANTS have also otherwise failed to provide CALIFORNIA CLASS members with state-mandated meal periods, including requiring CALIFORNIA CLASS members to take unlawful "on duty" meal periods.

73.   All members of the CALIFORNIA CLASS, including PLAINTIFF, are entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than six hours during which members of the CALIFORNIA CLASS, including PLAINTIFF, were not provided with an uninterrupted, thirty minute meal period, or during which members of the CALIFORNIA CLASS were not provided with an uninterrupted thirty-minute meal period during the first five hours of their work shifts.   Members of the CALIFORNIA CLASS, including PLAINTIFF, are also entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than twelve hours during which members of the CALIFORNIA CLASS, including PLAINTIFF, were not provided with a second uninterrupted, thirty minute meal period, or during which members of the CALIFORNIA CLASS were not provided with a second uninterrupted thirty-minute meal period during the first ten hours of their work shifts.

74.   As a result of DEFENDANTS conduct as alleged herein, members of the CALIFORNIA CLASS, including PLAINTIFF, have suffered harm and monetary damages, in an amount to be ascertained at trial.

**FIFTH CAUSE OF ACTION**
(Failure to Reimburse Business Expenses
in Violation of Labor Code § 2802, and Cal. Code Regs. tit. 8 § 11040)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS,
against all DEFENDANTS)

75.   PLAINTIFF realleges by reference, as if fully set forth herein, all of

FP 42228750.1

the above Paragraphs.

76.   California Labor Code § 2802 requires an employer to reimburse employees for all reasonable employment-related expenses incurred in performing their duties.

77.   PLAINTIFF alleges that she and all other members of the CALIFORNIA CLASS were required to use their personal cell phone, computer and incur other expenses associated with their work for DEFENDANTS.

78.   PLAINTIFF alleges that CALIFORNIA CLASS members', including PLAINTIFF'S, necessary and reasonable business expenses far exceeded any amount of reimbursement by DEFENDANTS.

79.   During all relevant times, DEFENDANTS failed to indemnify PLAINTIFF and members of the CALIFORNIA CLASS for their expenses directly related to performing their work duties for DEFENDANTS.

80.   As a direct and proximate result of the conduct described herein, PLAINTIFF and the members of the CALIFORNIA CLASS are entitled to reimbursement of their employment-related expenses, plus prejudgment interest and attorneys' fees, pursuant to California Labor Code § 2802.


## SIXTH CAUSE OF ACTION

(Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code §§ 226 and 226.3; Cal. Code Regs., Title 8 § 11040 section 7)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS, against all DEFENDANTS)

81.   PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

82.   Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.  Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all

FP 42228750.1

deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement.

83.     During the applicable statutory period, DEFENDANTS have routinely failed to provide the members of the CALIFORNIA CLASS, including PLAINTIFF, at the time of each payment of wages, an accurate itemized statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR § 11040. DEFENDANTS' failure to provide accurate itemized wage statements to the members of the CALIFORNIA CLASS, including PLAINTIFF, has been the intentional result of DEFENDANTS' unlawful polices and practices, as alleged herein. DEFENDANTS' failure to provide accurate itemized wage statements to members of the CALIFORNIA CLASS, including PLAINTIFF, has been knowing and intentional, and has been in clear violation of Labor Code § 226(a).

84.     The members of the CALIFORNIA CLASS, including PLAINTIFF, have suffered injuries as a result of the knowing and intentional failure of DEFENDANTS to comply with Labor Code § 226(a) and Title 8 CCR § 11040(7), in that DEFENDANTS' failure to provide PLAINTIFF and CALIFORNIA CLASS Members with accurate itemized wage statements made it impossible for Plaintiffs and the members of the CALIFORNIA CLASS to know whether they were being paid for all straight time wages, all overtime wages, all premium pay for missed and untimely meal and rest periods, as well as whether they were being paid for all hours worked.

85.     DEFENDANTS' knowing and intentional failure to furnish the members of the CALIFORNIA CLASS, including PLAINTIFF, with accurate itemized wage statements, as alleged above, has violated Labor Code § 226(a), as

well as Title 8 CCR § 11040(7). Labor Code § 226(e) entitles PLAINTIFF and the members of the CALIFORNIA CLASS to recover the greater of their actual damages caused by DEFENDANTS' violations, or $50 per employee for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

**SEVENTH CAUSE OF ACTION**

(Failure to Pay Compensation When Due at Time of Separation of Employment in Violation of Labor Code §§ 201-203)

(On Behalf of PLAINTIFF and the CALIFORNIA CLASS, against all DEFENDANTS)

86.     PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

87.     California Labor Code Section 201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge. California Labor Code Section 202 requires an employer to promptly pay compensation due and owing an employee within 72 hours of that employee's separation of employment by resignation. California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code Sections 201 and 202, said employer is liable to said employee for waiting time penalties.

88.     PLAINTIFF alleges, on the basis of information and belief, that DEFENDANTS have willfully failed and have refused to pay all compensation and wages due and owing, including overtime compensation, to members of the FORMER EMPLOYEE SUBCLASS, including PLAINTIFF, upon their separation of employment.

89.     DEFENDANTS' failure to timely pay compensation and wages to

25

FP 42228750.1

members of the CALIFORNIA CLASS at the time of their separation of employment has been willful.   As a result, DEFENDANTS are liable to PLAINTIFF and the members of the CALIFORNIA CLASS for "waiting time penalties" under California Labor Code Section 203, in an amount to be ascertained at trial.

## **EIGHTH CAUSE OF ACTION**
(Unlawful and Unfair Business Practices: Bus. & Prof. Code §§ 17200 *et seq.*)

(On behalf of PLAINTIFF and the CALIFORNIA CLASS,
against all DEFENDANTS)

90.    PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

91.    Each of the named DEFENDANTS is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

92.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  Cal. Bus. & Prof. Code § 17203.

93.    By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code including Sections 510, 1194 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to

26

constitute unfair competition, including restitution of wages wrongfully withheld.

94.    By the conduct alleged herein, DEFENDANTS' practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

95.    By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime hours worked, failed accurately to record the applicable rate of all overtime hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

96.    By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair and deceptive in that DEFENDANTS' employment practices caused the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANTS.

97.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime hours worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANTS so as to allow DEFENDANTS to

27

unfairly compete against competitors who comply with the law.

98.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired, or of which the PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all hours worked.

PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and unfair business practices in the future.

99.     PLAINTIFF is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, DEFENDANTS will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

**NINTH CAUSE OF ACTION**
(Labor Code Private Attorneys General Act of 2004
(Labor Code § 2698 et seq.))

(On Behalf of PLAINTIFF, All Aggrieved Employees
and the State of California)

100.  PLAINTIFF realleges by reference, as if fully set forth herein, all of the above Paragraphs.

101.  PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times, DEFENDANTS have violated, and continues to violate, several provisions of the California Labor Code, including but not limited to:

i. Sections 201 – 203 (Failure to Pay All Compensation Owed at Separation);

ii. Section 204 (Failure to Timely Pay All Wages Earned);

28

iii. Section 226 (Failure to Provide Accurate Itemized Wage Statements);

iv. Section 226.7 (Failure to Compensate for Missed, Late or On Duty Meal Periods);

v. Section 226.7 (Failure to Compensate for Missed, Late or On Duty Rest Periods);

vi. Section 227.3 (Failure to Pay Vacation Wages at Termination);

vii. Section 510 (Unlawful Overtime Policies and Procedures);

viii. Section 512 (Failure to Provide Timely, Uninterrupted, 30-Minute Meal Periods);

ix. Section 1174 (Failure to Maintain Accurate Time Records);

x. Section 1194 (Failure to Pay Overtime Compensation);

xi. Section 2802 (Failure to Reimburse Business Expenses)

102.    Pursuant to Labor Code § 2699, PLAINTIFF bring this cause of action on behalf of herself and all other current or former employees of DEFENDANTS against whom one or more of the alleged violations was committed and/or is being committed ("aggrieved employees," as defined by Section 2699(c)).

103.    Pursuant to Labor Code Section 2699, PLAINTIFF seeks to recover from DEFENDANTS civil penalties and underpaid wages for *each* Labor Code violation.  The underpaid wages are to be paid to all aggrieved employees in their entirety, and civil penalties are to be calculated at the rate at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

104.    Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, PLAINTIFF seeks to recover from DEFENDANTS civil penalties for *each* Labor

29

Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

105.   Pursuant to Labor Code Section 2699, PLAINTIFF seeks an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of herself, the State of California and DEFENDANTS' other current and former aggrieved employees against whom one or more of the alleged violations was committed.

106.   PLAINTIFF contends that all of DEFENDANTS' hourly non-exempt employees in the state of California are subject to the same and/or similar policies, practices, guidelines, procedures, and/or culture described herein.

107.   In compliance with Labor Code Section 2699.3, on August 22, 2021, PLAINTIFF submitted notice to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANTS informing them of DEFENDANTS' alleged Labor Code violations pursuant PAGA. A true and correct copy of the notice is attached hereto as **Exhibit 1** and is incorporated herein by this reference.

108.   More than 65 days have elapsed since PLAINTIFF notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by DEFENDANTS. To date, the LWDA has not notified PLAINTIFF nor DEFENDANTS that it intends to investigate the alleged violations contained in PLAINTIFF'S written notices to DEFENDANTS and the LWDA..

109.   To date, DEFENDANTS have not cured any of the alleged violations, and DEFENDANTS have not abated any of the violations alleged by PLAINTIFFS in their written notice to DEFENDANTS and the LWDA.   At all relevant times, DEFENDANTS have not been in compliance with the underlying statutes as specified in PLAINTIFF'S written notice to DEFENDANTS and the LWDA. At all relevant times, no aggrieved employee has been made whole for the Labor Code

violations described in PLAINTIFF'S written notice to DEFENDANTS and the LWDA.

110.   To date, DEFENDANTS have not given written notice to PLAINTIFF nor the LWDA that any Labor Code violation alleged by PLAINTIFF in their written notice to DEFENDANTS and the LWDA have been cured.

111.   Pursuant to California Labor Code § 2699.3, PLAINTIFF may commence a civil action against DEFENDANTS for civil penalties on behalf of herself, the State of California and DEFENDANTS' other current and former aggrieved employees.

112.   Plaintiffs may maintain this cause of action against DEFENDANTS for civil penalties under Labor Code Section 2698 *et seq.* regardless of whether PLAINTIFF'S allegations contained herein are certified for class treatment.

113.   Furthermore, PLAINTIFFS believe that additional violations may be discovered and they therefore reserve their right to allege additional violations of the law as investigation and discovery warrants.

## TENTH CAUSE OF ACTION
### (Retaliation in Violation of the FEHA: Cal. Gov't Code § 12940 *et. seq.*)
### (On behalf of PLAINTIFF only, against all DEFENDANTS)

114.   PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

115.   California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice or engaged in activity protected by FEHA.

116.   An employer may not lawfully discriminate or retaliate against an employee who requests reasonable accommodation of his or her disability, a protected activity under the FEHA. Cal. Gov. Code § 12940(h); see *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.

117.   Despite the fact that PLAINTIFF provided Defendants with

31

information regarding her medical condition and disability, medical documentation to support her request for reasonable accommodation, and repeatedly attempted to work with Defendants to perform her job duties with accommodations, she was disciplined and ultimately terminated by Defendants.

118. PLAINTIFF'S medical condition, her use of medical leave and/or her disability was a substantial motivating factor in Defendants' decision to fail to accommodate her disability, harass her, and discipline and constructively terminate her.

119. As a result of Defendants' retaliatory actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages, emotional distress, and attorney's fees and costs according to proof at trial.

120. PLAINTIFF'S supervisors and Human Resources department carried out retaliatory acts against her. Defendants' supervisors acted with a conscious disregard of PLAINTIFF'S disability and her rights and with the intent to vex, injure, and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

121. As a direct and proximate cause of the acts alleged above, PLAINTIFF had to hire the services of an attorney. PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### ELEVENTH CAUSE OF ACTION
(Disability Discrimination in Violation of the FEHA:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

122. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

32

FP 42228750.1

123.   At all times relevant, PLAINTIFF was disabled as defined by the FEHA as she suffered from one or more diseases, disorders, or conditions that affected one or more of her body systems and that limited major life activities.

124.   PLAINTIFF was at all times a qualified individual with a physical disability that limited a major life activity pursuant to California Government Code § 12926.1.

125.   Alternatively, at all times herein relevant, Defendants perceived that PLAINTIFF suffered from a physical disability as defined by the FEHA. California Government Code § 12940(a) forbids an employer to discriminate against an employee because of a physical disability or because the employee is perceived to be physically disabled.

126.   PLAINTIFF'S disability substantially limited her ability to work. However, PLAINTIFF was able to perform the essential functions of the job with reasonable accommodation.

127.   Defendants, by way of their managerial employees and Human Resources department, were aware of PLAINTIFF'S medical condition and disability. PLAINTIFF informed her supervisors and the Human Resources department of her medical condition, disability and need for accommodation. Defendants knew or should have known that PLAINTIFF'S medical condition falls within the definition of a disability under the California Government Code § 12926.

128.   Defendants discriminated and took adverse actions against PLAINTIFF because of her disability. Moreover, Defendants failed to address PLAINTIFF'S requests to accommodate her disability. Defendants knew or should have known that its failure to accommodate PLAINTIFF would cause her difficulty completing her job, as well as continued stress, which would aggravate her physical disability and cause PLAINTIFF further harm and physical and emotional suffering. In fact, PLAINTIFF was harmed as a result of Defendants' failure to

provide accommodations as she was disciplined and ultimately was constructively terminated.

129.   Defendants created or allowed to be created, by and through its employees, a stressful work environment by denying or ignoring PLAINTIFF'S physical disability and her repeated requests for accommodation in an effort to push her out of her employment with Defendants.

130.   PLAINTIFF is informed and believes and thereon alleges that the aforementioned conduct, including but not limited to, her constructive discharge, was motivated by her physical disability or perceived physical disability. The aforepled conduct of the Defendants, and each of them, constitutes discrimination based on PLAINTIFF'S physical disability or perceived physical disability and accordingly violates Government Code §12940(a) and other provisions of the FEHA.

131.   As a result of Defendants' continuous intentional and malicious conduct, PLAINTIFF suffered emotional distress. Defendants' conduct was carried out with a conscious disregard of her rights thereby justifying an award of punitive damages.

132.   As a result of Defendants' unlawful conduct as alleged, PLAINTIFF is entitled to back wages, front wages, other employment benefits, emotional distress damages, and other damages related to her medical condition, and attorney's fees and costs according to proof.

## TWELFTH CAUSE OF ACTION

(Hostile Work Environment Harassment Based on Disability:
Cal. Gov't Code § 12940 *et. seq*.)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

133.   PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

134.   PLAINTIFF personally witnessed harassing conduct that took place in

34

1  PLAINTIFF'S immediate work environment, as described in this Complaint.

2     135.   The harassing conduct was so severe or pervasive as to fundamentally
3  alter the nature of PLAINTIFF'S work environment.

4     136.   A reasonable person with a disability in PLAINTIFF'S circumstances
5  would have considered the work environment at the Company to be hostile or
6  abusive.

7     137.   PLAINTIFF considered the work environment to be hostile or abusive
8  toward PLAINTIFF because of PLAINTIFF'S actual or perceived disability.

9     138.   Plaintiff was harassed by a supervisor, making the entity Defendants
10  strictly liable for the harassment.

11     139.   Miller, PLAINTIFF'S supervisor, engaged in the unlawful harassing
12  conduct described herein.   PLAINTIFF informed Defendants both verbally and
13  through a formal written complaint of the unlawful harassing conduct.  Defendants
14  did not take action to bring a stop to the harassing conduct.

15     140.   PLAINTIFF was harmed by Miller's unlawful conduct.

16     141.   Miller's unlawful conduct was a substantial factor in causing
17  PLAINTIFF'S harm.

18     142.   As a proximate consequence of Defendants' wrongful acts as stated
19  above, PLAINTIFF has suffered and seeks lost earnings, unlimited compensatory
20  damages for pain and suffering, punitive damages, reasonable attorney fees, the
21  costs of this suit, and other general and special damages suffered.

22                    **THIRTEENTH CAUSE OF ACTION**
                (Failure to Engage in the Interactive Process in Violation of the FEHA:
23                           Cal. Gov't Code § 12940 *et. seq.*)
                  (On behalf of PLAINTIFF only, against all DEFENDANTS)

24     143.   PLAINTIFF hereby realleges and incorporates by reference herein
25  each and every preceding paragraph of this Complaint.

26     144. PLAINTIFF provided information to Defendants regarding her
27  medical condition and disability, and need for accommodations, including remote
28

35

work. However, Defendants did not have a good faith discussion with PLAINTIFF regarding any such accommodations.

145.   When PLAINTIFF requested reasonable accommodations, Defendants were required to enter into a good faith interactive process with PLAINTIFF in accordance with California Government Code § 12940(n). Defendants were aware of PLAINTIFF'S medical condition and disability, as noted above, and were required to take affirmative steps to make a reasonable accommodation.

146.   At all relevant times, Defendants were capable of entering into a good faith interactive process with PLAINTIFF, but failed to engage in such a process.

147.   As a proximate result of Defendants' failure to engage in the interactive process, PLAINTIFF was constructively terminated from her employment, lost income and suffered from emotional distress. Had PLAINTIFF'S complaints and requests relating to her medical condition and disability been addressed by Defendants, she would not have experienced stress worrying about her job security, and would not have been in a stressful situation. Moreover, she would not have lost income. As a result of Defendants' wrongful actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages, emotional distress, and attorneys' fees and costs according to proof at trial.

148.   PLAINTIFF'S supervisors and Human Resources department carried out discriminatory acts against her. These supervisors had authority to engage in the interactive process regarding accommodations and PLAINTIFF'S continued employment. PLAINTIFF'S supervisors and managing agents acted with a conscious disregard of PLAINTIFF'S actual or perceived physical disability and her rights and with the intent to vex, injure, and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

36

149.   PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

**FOURTEENTH CAUSE OF ACTION**
(Failure to Accommodate in Violation of FEHA:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

150.   PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

151.   At all relevant times, Defendants are and were required to make reasonable accommodations for PLAINTIFF'S physical disability to enable her to perform essential functions of the job in accordance with California Government Code § 12940(m). Defendants were aware of PLAINTIFF'S disability and were required to take affirmative steps to make reasonable accommodations.

152.   At all relevant times, Defendants were capable of providing PLAINTIFF with reasonable accommodations. However, Defendants failed to provide effective accommodations for PLAINTIFF'S disability.

153.   As a proximate result of Defendants' failure to reasonably accommodate PLAINTIFF'S physical disability, PLAINTIFF was constructively terminated from her employment, lost income and suffered emotional distress. Had PLAINTIFF'S requests relating to her medical condition and disability been addressed by Defendants, she would not have experienced stress worrying about her job security, and would not have been in a stressful situation. Moreover, she would not have lost income. As a result of Defendants' wrongful actions, PLAINTIFF suffered, and continues to suffer, damages in the form of lost wages, lost employment benefits, other economic damages, emotional distress, and attorney's fees and costs according to proof at trial.

154.   PLAINTIFF'S supervisors, Defendants' managing agents, and the Human Resources department carried out discriminatory acts against her. These

37

supervisors had authority to engage in the interactive process regarding accommodations and PLAINTIFF'S continued employment. PLAINTIFF'S supervisors acted with a conscious disregard of PLAINTIFF'S physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

155. PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### FIFTEENTH CAUSE OF ACTION
(Retaliation in Violation of the CRFA; Cal. Gov't Code § 12945.2)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

156. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

157. Defendants are eligible employers covered by the California Family Rights Act ("CFRA"). PLAINTIFF is an eligible employee covered by both CFRA.

158. PLAINTIFF requested and/or took leave for her own serious health condition.

159. PLAINTIFF provided reasonable notice to Defendants of her need for medical leave, however, Defendants retaliated against PLAINTIFF because she requested and/or took leave when they disciplined and constructively terminated her as a result of the same.

160. Defendants' unlawful actions were a substantial factor in causing PLAINTIFF'S harm.

161. Defendants' unlawful conduct caused PLAINTIFF severe emotional distress, loss of salary, loss of employment benefits, direct costs, interest, and attorney's fees and costs in an amount to be proven at trial.

162. PLAINTIFF'S supervisors and Defendants' managing agents acted

38

FP 42228750.1

1
2
3
4

with a conscious disregard of PLAINTIFF'S physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

5
6
7

163.  PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

8
9

### SIXTEENTH CAUSE OF ACTION
(Failure to Prevent Discrimination, Harassment, and Retaliation:
Cal. Gov't Code § 12940 *et. seq.*)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

10
11

164.  PLAINTIFF hereby realleges and incorporate by reference herein each and every preceding paragraph of this Complaint.

12
13
14
15
16
17
18
19

165.  Defendants, and PLAINTIFF'S supervisors who worked for Defendants, had knowledge and awareness, or should have had knowledge and awareness, of the discrimination and harassment of PLAINTIFF as a result of her medical condition and disability and need for medical leave and accommodation as a result of the same. Defendants failed, at all times relevant, to take adequate measures to stop the discrimination and harassment, even after PLAINTIFF notified them that she was being wrongfully disciplined for taking protective leave and/or for her medical condition and disability.

20
21
22
23

166.  Defendants had a duty to investigate PLAINTIFF'S claims of discrimination, harassment and retaliation. Defendants also had a duty to take all reasonable steps necessary to remedy and prevent discrimination, harassment and retaliation from occurring.

24
25
26
27

167.  Defendants' failure to take all reasonable steps to prevent PLAINTIFF'S discrimination, harassment and retaliation caused PLAINTIFF severe emotional distress, loss of salary, loss of employment benefits, and attorney's fees and costs in an amount to be proven at trial.

28

168.   PLAINTIFF'S supervisors and Defendants' managing agents acted with a conscious disregard of PLAINTIFF'S physical disability and her rights and with the intent to vex, injure and annoy PLAINTIFF. Such acts constitute oppression, fraud or malice under California Civil Code § 3294, entitling PLAINTIFF to punitive damages against Defendants according to proof at trial.

169.   PLAINTIFF incurred and continues to incur legal expenses and attorney's fees, and is entitled to an award of attorney's fees and costs pursuant to California Government Code § 12965(b) according to proof at trial.

### SEVENTEENTH CAUSE OF ACTION
(Wrongful Constructive Termination in Violation of Public Policy)
(On behalf of PLAINTIFF only, against all DEFENDANTS)

170.   PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this Complaint.

171.   The law and public policy of the State of California prohibit an employer from constructively terminating an employee because of (1) the employee's disability (actual or perceived), (2) the employee requests for or use of reasonable accommodation of his or her disability, (3) the employee's request for or use of medical leave, (4) the employee's protests against the employer's unlawful practices and/or asserting her rights under the law, and/or (5) associating with legal counsel to protect the employee's rights.

172.   PLAINTIFF is, and at all relevant times was, an employee within the meaning of the laws supporting the above causes of action. PLAINTIFF is and was, at all relevant times, disabled and/or diagnosed with a medical condition that limits a major life activity and/or was eligible for medical leave and/or protested unlawful employment practices and/or asserted her rights under the law and/or associated with legal counsel to protect her rights, and as such, is a member of a protected class under California Government Code § 12940 et seq. and Labor Code § 923.

173.   Defendants are, and at all relevant times were, an employer within the

40

meaning of the laws supporting the above causes of action. Those laws prohibit Defendants, and each of them, from harassing, discriminating, and retaliating against PLAINTIFF on the basis of protected membership and activities, described above.

174. Defendants harassed, discriminated, and/or retaliated against PLAINTIFF on the basis of PLAINTIFF'S protected membership and activities, as described above. Defendants thereby created working conditions so intolerable that a reasonable person in PLAINTIFF'S position would have had no reasonable alternative except to resign, and Defendants thereby constructively terminated PLAINTIFF.

175. The aforesaid acts and omissions by Defendants, and each of them, were knowing, wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF.

176. Defendants, and each of them, acted as agents of each other. Defendants authorized, ratified and had actual and constructive knowledge of the conduct described above.

177. Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF is entitled to recover punitive damages from Defendants.

178. As a direct, foreseeable, and proximate result of the aforesaid acts and omissions of Defendants, and each of them, PLAINTIFF has sustained and continues to suffer financial hardship, including loss of compensation, wages and other benefits she otherwise would have received, as well as mental anguish and emotional distress, including humiliation and embarrassment, all to her general

41

damage in an amount according to proof.

179.   WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on her own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.     That the Court issue an Order certifying the CALIFORNIA CLASS, appointing the named PLAINTIFF as representatives of all others similarly situated and appointing the law firms representing the named PLAINTIFF as counsel for members of the CALIFORNIA CLASS;

2.     For compensatory damages according to proof to PLAINTIFF and the members of the CALIFORNIA CLASS;

3.     For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to PLAINTIFF and the CALIFORNIA CLASS' causes of action;

4.     For an Order compelling DEFENDANTS to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution) to each of the members of the CALIFORNIA CLASS, including PLAINTIFF, who have suffered as a result of DEFENDANTS' unlawful and unfair employment practices alleged herein;

5.     For an order compelling DEFENDANTS to disgorge and pay over to PLAINTIFF and the members of the CALIFORNIA CLASS all profits and savings resulting from DEFENDANTS' unlawful and unfair business practices alleged herein;

6.     For issuance of a permanent injunction enjoining DEFENDANTS from continuing to engage in the unlawful and unfair business practices alleged herein;

7.     For a Judgement for damages for all unpaid overtime owed under the

FP 42228750.1

FLSA;

8.    For civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004;

9.    For attorneys' fees and litigation expenses pursuant to all applicable statutes, including Labor Code sections 218.5, 226, 1194, 2699 and 2802, and as otherwise permitted by law; and

10.    For waiting time penalties pursuant to Cal. Labor Code sections 201-203; and

12.    For such other and further relief as the court deems just and proper;

WHEREFORE, PLAINTIFF, on her own behalf only, prays for judgment as follows:

1.    For actual damages;

2.    For compensatory damages;

3.    For general damages according to proof;

4.    For special damages according to proof;

5.    For punitive damages pursuant to California Civil Code §3294;

6.    For reasonable attorney's fees pursuant to California Government Code §12965;

7.    For costs of suit incurred;

8.    For prejudgment interest on all amounts claimed; and

9.    For all such other and further relief that the Court may deem just and proper.

DATED: November 29, 2021        BLANCHARD, KRASNER & FRENCH

/s/ *DAVID C. HAWKES*

DAVID C. HAWKES

Attorneys for Plaintiff ARIANA PRESTON, individually, on behalf of all others similarly situated, and on behalf of the general public.

43

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATCHA LAW
Stephen Matcha; SBN: 249176
steve@matchalaw.com
13223 Black Mountain Rd., #233
San Diego, CA 92129-2699
Telephone:   (619) 565-3865

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA  91739
Telephone:   (909) 463-6363
Facsimile:    (909) 614-7008

44

FP 42228750.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

# (NOTICE TO THE LWDA)

45

# BLANCHARD, KRASNER & FRENCH

TELEPHONE:  (858) 551-2440
FACSIMILE:  (858) 551-2434
E-MAIL:  dhawkes@bkflaw.com
WEB:  http://www.bkflaw.com

A PROFESSIONAL CORPORATION

800 SILVERADO STREET, SECOND FLOOR
LA JOLLA, CALIFORNIA 92037

ALAN W. FRENCH
(Deceased)

August 22, 2021

**VIA ONLINE SUBMISSION (www.dir.ca.gov)**

California Department of Industrial Relations
Labor and Workforce Development Agency
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

> **Re:** *NEW PAGA CLAIM NOTICE: Written Notice of Alleged California Labor Code Violations Against PORCH.COM, INC. and HIRE A HELPER LLC*

To Whom It May Concern:

Our firm, along with the Law Office of David A. Huch and Steven Matcha of Match Law, represent Ms. Ariana Preston in potential claims against her former employers, PORCH.COM, INC., a Delaware corporation with its principal place of business in Seattle, WA, and its wholly owned subsidiary, HIRE A HELPER LLC, a California limited liability company with its principal place of business in Oceanside, CA, in addition to PORCH.COM, INC's other subsidiaries, affiliates, successors and assigns, including without limitation to KANDELA, LLC and ELITE INSURANCE GROUP, INC. (collectively "PORCH"). Ms. Preston was employed by PORCH in San Diego County, California from approximately October 2018 to October 2019 as a non-exempt employee.

Pursuant to Labor Code Section 2699.3(a), Ms. Preston hereby provides written notice to the Labor and Workforce Development Agency, as well as Ms. Preston' former employer, of the specific provisions of the Labor Code alleged to have been violated by PORCH.

The specific provisions **specified in Labor Code Section 2699.5** alleged to have been violated and the specific facts and theories to support the alleged violations are set forth below. In particular, the following Labor Code violations are alleged to have been violated by PORCH against aggrieved employees throughout the State of California:

    i.     Sections 201 – 203 (Failure to Pay All Compensation Owed at Separation);

    ii.    Section 204 (Failure to Timely Pay All Wages Earned);

    iii.   Section 226 (Failure to Provide Accurate Itemized Wage Statements);

    iv.   Section 226.7 (Failure to Compensate for Missed, Late or On Duty Meal Periods);

    v.    Section 226.7  (Failure to Compensate for Missed, Late or On Duty Rest Periods);

California Labor & Workforce Development Agency
August 22, 2021
Page 2 of 7

      vi.      <u>Section 227.3</u> (Failure to Pay Vacation Wages at Termination);

      vii.      <u>Section 510</u> (Unlawful Overtime Policies and Procedures);

      viii.      <u>Section 512</u> (Failure to Provide Timely, Uninterrupted, 30-Minute Meal Periods);

      ix.      <u>Section 1174</u> (Failure to Maintain Accurate Time Records);

      x.      <u>Section 1194</u> (Failure to Pay Overtime Compensation);

      xi.      <u>Section 2802 (Failure to Reimburse Business Expenses)</u>

Pursuant to Labor Code Section 2699.3(c), Ms. Preston hereby also provides written notice to the LWDA and PORCH of the specific provisions of the Labor Code, **not specified in Labor Code Section 2699.5**, alleged to have been violated by Ms. Preston's former employer:

      viii.      <u>Section 558</u>

Section 558 provides, in relevant part: "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to a civil penalty as follows: [¶ ] (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. [¶ ] (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. [¶ ] (3) Wages recovered pursuant to this section shall be paid to the affected employee. [¶ ] . . . [¶ ] (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

      ix.      <u>Section 226.3</u>

Section 226.3 provides, in relevant part:  Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

      xii.      <u>Section 2751 (Written Commission Agreements)</u>

Section 2751 provides, in relevant part: (a) Whenever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid.

California Labor & Workforce Development Agency
August 22, 2021
Page 3 of 7

(b) The employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee. In the case of a contract that expires and where the parties nevertheless continue to work under the terms of the expired contract, the contract terms are presumed to remain in full force and effect until the contract is superseded or employment is terminated by either party.

(c) As used in this section, "commissions" has the meaning set forth in Section 204.1. For purposes of this section only, "commission" does not include any of the following:

(1) Short-term productivity bonuses such as are paid to retail clerks.

(2) Temporary, variable incentive payments that increase, but do not decrease, payment under the written contract.

(3) Bonus and profit-sharing plans, unless there has been an offer by the employer to pay a fixed percentage of sales or profits as compensation for work to be performed.

The following is a detailed description of the facts and theories which support Ms. Preston's contention that PORCH has violated various sections of the California Labor Code and IWC Wage Orders, including sections of Chapter 1 of Part 2 of the Labor Code and the provisions regulating hours and days of work in the applicable IWC Wage Orders:

Ms. Preston seeks to represent the State of California and all presently employed and formerly employed non-exempt employees who worked in the State of California during the applicable statutory period (beginning one year prior to the date of this Notice until the date of judgment) and suffered at least one of the alleged violations of the Labor Code.

Ms. Preston is a competent adult who resides in the City and County of San Diego, State of California.  During the time period of approximately October 2018 to October 2019, Ms. Preston was paid in whole or in part on an hourly basis and received additional compensation from PORCH in the form of non-discretionary commission wages and performance bonuses.

PORCH is a limited liability company organized and existing under the laws of the State of Delaware. PORCH'S principal place of business is located at 2200 1st Ave. South, Seattle, WA 98134. PORCH currently maintains office locations throughout the state of California. PORCH'S San Diego County office is located at 3156 Vista Way, Suite 400, Oceanside, CA 92056.

According to its website, www.porch.com, PORCH is a "vertical SaaS (software as a service) company" that offers a "full range of products and services where homeowners can: Compare and buy home and auto insurance policies...Have their entire move coordinated...Discover and install the best home automation and

California Labor & Workforce Development Agency
August 22, 2021
Page 4 of 7

security systems...Compare internet and TV options for the new home...Book small handyman jobs...Compare bids from pros who can complete bigger jobs..."

At all relevant times, Ms. Preston worked for PORCH as a non-exempt corporate Customer Service Representative ("CSR"). Her role included maintaining relationships with moving companies, providing customer service for the Company's clients, and processing work orders. She was paid an hourly rate and regularly earned commissions.

Cal. Labor Code § 510 provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." At all relevant times, Ms. Preston and other aggrieved employees have been compensated at an hourly rate plus PORCH'S non-discretionary commission and bonus program, that provides employees paid on an hourly basis with commission and bonus compensation when the employees meet various sales or performance goals. However, when calculating the regular rate of pay in order to pay overtime to Ms. Preston and the other aggrieved employees, PORCH has not included the non-discretionary commission and bonus monies earned by Ms. Preston and the other aggrieved employees. Management and supervisors at PORCH described the commission and bonus program to potential and new employees as part of the compensation package but did not provide written commissions agreements. As a matter of law, the commission and bonus compensation received by Ms. Preston and the other aggrieved employees must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to Ms. Preston and the other aggrieved employees by PORCH, in violation of Labor Code §§ 204, 221, 510 and 1194.

As a result of this miscalculation, the wage statements issued to Ms. Preston and the other aggrieved employees has violated California law, and in particular, Labor Code Section 226(a), because the wage statements failed to show, among other things, the correct overtime rate and the correct amount of total gross wages earned for certain pay periods during the applicable statutory period.

At all relevant times, PORCH failed, and continues to fail, to accurately calculate and pay Ms. Preston and the other aggrieved employees for their overtime hours worked. PORCH systematically, unlawfully and unilaterally has failed to accurately calculate wages for overtime hours worked by Ms. Preston and the other aggrieved employees in order to avoid paying these employees the correct overtime compensation. As a result, Ms. Preston and the other aggrieved employees forfeit wages due them for regularly working overtime without compensation at the correct overtime rates. PORCH'S uniform policy and practice to not pay its hourly, non-exempt employees the correct overtime rate for all overtime hours worked in accordance with applicable law is evidenced by PORCH'S business records, including but not limited to, PORCH'S payroll records, which demonstrate PORCH never included the commissions and/or bonus compensation in Ms. Preston's regular rate of pay for the purposes of

California Labor & Workforce Development Agency
August 22, 2021
Page 5 of 7

calculating what should have been Ms. Preston's accurate overtime rate and thereby underpaid Ms. Preston for overtime hours worked throughout her employment with PORCH.

As a result of the aforementioned conduct, PORCH provided Ms. Preston with wage statements that failed to accurately display Ms. Preston's correct rates of overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a) and Cal. Labor Code § 1174.

To date, PORCH has not fully paid Ms. Preston and formerly employed aggrieved employees for all their overtime wages still owed to them or any penalty wages owed to them in violation of Cal. Labor Code §§ 201 through 203.

Additionally, Ms. Preston and other aggrieved employees in California have been subjected to unlawful Paid Time Off forfeiture, or "use it or loose it," policies and practices in violation of Labor Code § 227.3. It is well-settled in California that since Paid Time Off is to be treated as a form of wages, employers cannot implement "use it or lose it" policies in which unused days of paid time off do not carryover from year to year or are forfeited by a certain date. (*See Boothby v Atlas Mechanical, Inc.* (1992) 6 CA4th 1595; *DLSE Opinion Letter* 1991.01.07).

Ms. Preston also alleges that at all relevant times, PORCH'S non-exempt employees, including Ms. Preston, have been expected, required, permitted and/or suffered to work off-the-clock time on a regular basis and did not reimburse all necessary business expenses. Specifically, PORCH'S non-exempt employees, including Ms. Preston, have been required to attend meetings, training sessions and other "team building" events without being paid for all hours subject to the control of PORCH. PORCH'S employees have never been fully paid for this work time and/or have been paid in an illegal and untimely manner during subsequent pay periods in violation of Labor Code § 204.

Additionally, PORCH has promulgated and enforced policies under which its non-exempt employees, including Ms. Preston, regularly worked more than five hours in a daily work period lasting longer than six hours without being provided with an uninterrupted, thirty-minute meal period during which employees were relieved of all of their respective work duties, or under which employees were not provided with a thirty-minute meal period during the first five hours of their work shifts.

Furthermore, PORCH has promulgated and enforced policies under which its non-exempt employees, including Ms. Preston, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which employees were relieved of all of their respective work duties.

California Labor & Workforce Development Agency
August 22, 2021
Page 6 of 7

PORCH has also adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order. PORCH has failed to authorize and permit its hourly employees to take 10 minutes' rest during shifts lasting more than three and one-half hours to six hours in length, 20 minutes' rest during shifts lasting more than six hours up to 10 hours in length, and 30 minutes' rest during shifts lasting more than 10 hours up to 14 hours in length.

The notice and cure requirements set forth in Labor Code Section 2699.3(c) apply to Ms. Preston's claim for civil penalties under Cal. Labor Code Sections 226.3 and 558 on behalf of all current and former aggrieved employees of PORCH. Accordingly, PORCH has 33 calendar days from the postmark date of this notice to cure the alleged violations and to give written notice to Ms. Preston's counsel and the LWDA, by Certified Mail, within that period of time, including a description of actions taken by PORCH to cure the aforementioned alleged violations. Otherwise, Ms. Preston may bring a civil action to recover the civil penalties set forth in Sections 226.3 and 558, on behalf of all current and former aggrieved employees of PORCH.

Accordingly, Ms. Preston hereby demands that within 33 calendar days of the postmark date of this notice, PORCH (1) cease the unlawful Labor Code and IWC Wage Order practices described in this notice; (2) identify all current and former aggrieved employees, defined by PAGA as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed;" and (3) compensate all such aggrieved employees with the civil penalties available under Sections 226.3 and 558, including all underpaid wages.

With respect to all other Labor Code sections listed in Section 2699.5, which Ms. Preston alleges to have been violated by PORCH (i.e., Sections 201 through 203, 204, 221, 226, 510, 1174, 1194 and 2802), the Labor and Workforce Development Agency shall notify PORCH and Ms. Preston's counsel by certified mail whether it intends to investigate the alleged violations. Such notice shall be provided within 60 calendar days of the postmark date of this letter. Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of this letter, Ms. Preston may commence a civil action pursuant to Cal. Labor Code Section 2699.

Ms. Preston and our respective law firms will cooperate fully if the LWDA decides to investigate the alleged violations. Accordingly, please feel free to contact me at your convenience.

Sincerely,

BLANCHARD, KRASNER & FRENCH

David C. Hawkes

California Labor & Workforce Development Agency
August 22, 2021
Page 7 of 7

cc:      Counsel for Porch.com, Inc., Elite Insurance Group, Inc., Kandela, LLC, and
         Hire A Helper LLC:
         Danielle Hultenius Moore
         FISHER & PHILLIPS LLP
         4747 Executive Drive, Suite 1000
         San Diego, California 92121