UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA PRESTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORCH.COM, INC., a Delaware Corporation; HIRE A HELPER LLC, a California limited liability company; KERI MILLER, an individual.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21-CV-168 JLS (BLM)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(ECF No. 30) |

Presently before the Court is Plaintiff Ariana Preston's unopposed Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Mot.," ECF No. 30-1); *see also* ECF No. 33 (notice of non-opposition). The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 34. Having reviewed the terms of the Proposed Settlement Agreement (Declaration of David C. Hawkes in Support of Motion for Preliminary Approval of Class Action Settlement ("Hawkes Decl.") Ex. A, ECF No. 30-2 at 13–38), Plaintiff's arguments, and the law, the Court concludes that the settlement falls within the

range of reasonableness warranting preliminary approval. Accordingly, the Court **GRANTS** the Preliminary Approval Motion.

## GENERAL BACKGROUND

This case began on November 23, 2020, when Plaintiff filed a putative class action against Porch.com; Hire A Helper, LLC; Elite Insurance Group, Inc.; Kandela, LLC; and Serviz, Inc. (collectively, "Defendants") in San Diego Superior Court. *See* ECF No. 1. On January 28, 2021, Defendants timely removed to this Court. *Id.* In the operative First Amended Complaint, filed November 29, 2021, Plaintiff alleges class action claims against Defendants for overtime violations, failure to pay wages upon separation, and unlawful and unfair business practices.[1] *See generally* ECF No. 32 ("FAC"). More specifically, Plaintiff alleges on behalf of a putative class that Defendants (1) failed to pay all compensation owed at separation; (2) failed to pay all wages earned; (3) failed to provide accurate itemized wage statements; (4) failed to compensate for missed, late, or on duty meal periods; (5) failed to compensate for missed, late, or on duty rest periods; (6) failed to pay vacation wages at termination; (7) engaged in unlawful overtime policies and procedures; (8) failed to provide timely, uninterrupted, 30-minute meal periods; (9) failed to maintain accurate time records; (10) failed to pay overtime compensation; (11) failed to reimburse business expenses; and (12) violated the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2968 *et seq*. *See generally* FAC. On January 28, 2021, Defendants filed an answer denying liability and asserting twenty affirmative defenses. *See generally* ECF No. 4.

In July 2021, the Parties participated in a private mediation with Michael D. Young of Judicate West that resulted in a tentative settlement. Prelim. Approval Mot. at 1. Thereafter, the Parties reached a comprehensive class-wide settlement agreement. *Id.* The

---

[1] In the FAC, Plaintiff also alleges individual claims of retaliation, discrimination, hostile work environment, failure to engage in the interactive process, failure to accommodate, failure to prevent discrimination, harassment and retaliation, and wrongful constructive termination. *See generally* FAC. The Parties settled Plaintiff's individual claims separately from the class claims. Prelim. Approval Mot. at 4 n.2.

resulting Stipulation of Class Action and PAGA Settlement and Release, filed November 22, 2021, is now before the Court. *See generally* Hawkes Decl. Ex. A.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Stipulation of Class Action and PAGA Settlement and Release with approximately twenty-two pages of substantive terms, Hawkes Decl. Ex. A ("Proposed Settlement Agreement"), as well as a Proposed Notice, Hawkes Decl. Ex. 1 ("Proposed Notice," ECF No. 30-2 at 40–46).

### I.  Proposed Settlement Class

The Proposed Settlement Class is defined to include "all current and former non-exempt California employees of the Defendants or their present and former parents, subsidiaries, successors or assigns, including without limitation Kandela, LLC, Serviz.com, Inc., and Elite Insurance Group, Inc.  The Settlement Class, however, shall not include any person who signed severance agreements or who submits a timely and valid Request for Exclusion[.]"  Proposed Settlement Agreement ¶ 8.  According to the Parties' investigation and available data, this constitutes approximately 236 individuals (the "Settlement Class").  Hawkes Decl. ¶ 21.

### II.  Proposed Monetary Relief

The Proposed Settlement Agreement provides for $500,000 in non-reversionary gross settlement proceeds, Proposed Settlement Agreement ¶ 15, of which no more than one-third (or $166,666.67) is to be used to pay attorneys' fees; no more than $20,000 is allocated to Class Counsel's costs; no more than $6,000 is allocated to settlement administration fees and costs; no more than $10,000 is allocated for the named plaintiff service award; and $20,000 is allocated to PAGA penalties, twenty-five percent of which ($5,000) is to be distributed to the Settlement Class.  Prelim. Approval Mot. at 8–10.  The resulting net settlement amount, or about $282,333, will be used to pay the Settlement Class members.  *Id.* at 10.  Employer-side payroll taxes will not be deducted from the settlement and will be paid by Defendants with separate funds.  *Id.*

///

Members of the Settlement Class will automatically be mailed a settlement payment. *See* Proposed Settlement Agreement ¶ 16.c.viii. Settlement checks will be valid for 180 days from their date of mailing, and any checks left uncashed after the expiration period will be voided and transmitted pursuant to California Code of Civil Procedure § 384 to the International Justice Mission as the *cy pres* recipient. *See id.* ¶ 21.

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Plaintiff seeks to certify the Settlement Class under Rule 23(b)(3), *see* Prelim. Approval Mot. at 22, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a

class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The Court addresses each of these requirements in turn.

## I.    Rule 23(a) Requirements

### A.    *Numerosity*

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).  District courts within the Ninth Circuit have "enacted presumptions that the numerosity requirement is satisfied by a showing of 25–30 members." *See, e.g.*, *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000).

Here, the proposed Settlement Class consists of approximately 236 Class Members. Prelim. Approval Mot. at 20.  Because of the presumption of numerosity created by twenty-five to thirty members, it logically follows that joinder of 236 members is impracticable for purposes of Rule 23(a)(1), and the numerosity requirement therefore is satisfied here. *See Slaven*, 190 F.R.D. at 654; *see also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964) (stating "'impracticability' does not mean 'impossibility'") (citing *Advert. Specialty Nat. Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir. 1956)).

### B.    *Commonality*

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have defined the Settlement Class to encompass all current and former non-exempt California employees of Defendants at any time during the Class Period. Prelim. Approval Mot. at 8. Common questions include: whether Defendants complied with applicable laws under the California Labor Code and the Wage Orders of the California Industrial Welfare Commission; and whether the Settlement Class is entitled to alleged wages, premiums, penalties, interest, and attorneys' fees and costs. *See id.* at 20. Because these questions apply to all Class Members, all Class Members have suffered a common injury. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis; thus, Rule 23(a)(2) is satisfied. *See McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. 579, 584–86 (N.D. Cal 2015) (finding commonality satisfied where the common question was whether the defendant failed to provide meal and rest breaks).

### C.   Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiff's claims must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, Plaintiff, like the Settlement Class, was employed by Defendants, and her claims arise out of the same underlying policies and practices of Defendants as the claims pertaining to the entire proposed Settlement Class. *See* Prelim. Approval Mot. at 21. As with the other Settlement Class Members, Ms. Preston was subject to Defendants' alleged unlawful practices and policies. *Id.* The Parties have settled claims or defenses unique to

Plaintiff separate from the Settlement Class. *Id.* at 4 n.2. Accordingly, Plaintiff's claims are typical of the claims of proposed Class Members, thus satisfying Rule 23(a)(3). *See Kayes v. Pac. Lumber Co.*, 51 F3d 1449, 1463 (9th Cir. 1995) (typicality is satisfied where named plaintiffs have the same claims as other class members and are not subject to unique defenses).

### D.  *Adequacy*

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that the Class Representative or Class Counsel have any conflicts of interest with the proposed Settlement Class Members. There also is no reason to believe that the Class Representative or Class Counsel have failed to vigorously investigate and litigate the case to this point. Plaintiff has retained competent counsel, who have "vigorously prosecuted the action on behalf of the Class; and Plaintiff was likewise actively engaged and regularly communicated with counsel up to and including evaluating and approving the proposed Settlement." Prelim. Approval Mot. at 21. Furthermore, Class Counsel have significant employment and class action litigation experience. *Id.*; *see also* Hawkes Decl. ¶ 31. Accordingly, the Court finds that the Class Representative and Class Counsel adequately represent the Settlement Class, and therefore Rule 23(a)(4)'s adequacy requirement is met.

## II.  Rule 23(b)(3) Requirements

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual

class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### A. *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, Plaintiff alleges several common questions of law and fact. *See* Prelim. Approval Mot. at 22. The issues common to all Class Members include whether Defendants failed to include commissions and nondiscretionary bonuses in Plaintiff's and the Settlement Class's overtime rates of pay. *See id.* at 1. Thus, Plaintiff and the Class Members share common questions of fact and law that are central to Plaintiff's alleged injuries and that predominate over individualized issues. *Id.* at 22. Additionally, Plaintiff and the Class Members seek the same legal remedies. *See id.* Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied. *See McCowen*, 311 F.R.D. at 597 (finding predominance satisfied where "class-wide issues predominate over individualized issues").

### B. *Superiority*

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

### III. Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rules 23(a) and (b)(3). Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

## PRELIMINARY FAIRNESS DETERMINATION

Having certified the Settlement Class, the Court must next make a preliminary determination as to whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Rule 23(e)(2). Under amendments to Rule 23(e), effective December 1, 2018, district courts must consider the following factors to determine whether the proposal is "fair, reasonable, and adequate":

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Before the revisions to Rule 23(e), the Ninth Circuit had developed its own list of factors to be considered. *See, e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v.*

*Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The revised factors were not intended "to displace any factor [developed under existing Ninth Circuit precedent], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. Accordingly, other factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. Furthermore, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.*

Here, the Proposed Settlement Agreement is the result of arms'-length negotiations before a mediator following comprehensive informal discovery and investigation. Prelim. Approval Mot. at 12. Additionally, it appears to the Court that the Class Representative and Class Counsel have adequately represented the class, which goes to at least two of the factors in the amended Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(2)(A)–(B). The Court turns to the other relevant considerations below.

## I. Adequacy of Relief Provided for the Class

To determine whether the proposed settlement is "fair, reasonable, and adequate," Rule 23(e)(2)(C) directs a court to consider (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

At this preliminary stage, the Court is not yet required to rule on any proposed award of attorneys' fees. Additionally, the Parties have not identified any "side agreements"

under Rule 23(e)(3) within the full Settlement Agreement provided to the Court. *See generally* Proposed Settlement Agreement. Therefore, elements (iii) and (iv) did not factor into the Court's analysis at this stage. The Court thus will turn to elements (i) and (ii) to determine whether the proposed settlement provides adequate relief to the Class.

The Court will first examine whether the amount offered in settlement is reasonable considering the uncertainties of proceeding in this case. Plaintiff advances two main theories of liability: "waiting time penalties" pursuant to Cal. Labor Code §§ 201–203 and unpaid overtime pursuant to Cal. Labor Code § 1194. *See* Prelim. Approval Mot. at 14. Class Counsel, in coordination with their expert, projected Plaintiff's class claim for waiting time penalties has a maximum potential recovery in the range of $325,000 to $350,000 and Plaintiff's unpaid overtime class claim has a range of recovery between $20,000 and $30,000. *Id.* Therefore, the maximum potential recovery for the Class if the case were to proceed is about $380,000. *Id.* The net payout to the Class, after Court-authorized deductions, is projected to be approximately $282,000, which amounts to 74% of the maximum amount the Class may recover in this action. *Id.*

Additionally, Plaintiff argues there is uncertainty regarding the amount recoverable for Plaintiff's PAGA claim. *Id.* at 15. While Plaintiff's counsel estimates the maximum civil penalty potentially recoverable on the PAGA claim ranges from $100,000 to $180,000, the Court has discretion to award a lesser amount. *See* Cal. Labor Code § 2699(e)(2). In light of these uncertainties, Plaintiff argues that the $20,000 allocated to PAGA penalties in the Settlement is fair and reasonable. *Id.* at 16.

The risks and delays of continued litigation justify this compromise. The Court concludes that the compensation to the Class is adequate relative to Defendants' potential exposure. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding recovery of "roughly one-sixth of potential recovery" to be "fair and adequate" given the difficulties in proving the case). Therefore, this factor weighs in favor of preliminarily approving the settlement.

///

## II. Preferential Treatment

Rule 23(e)(2) also directs a court to examine whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).

Plaintiff states she will apply to the Court for an enhancement award in the amount of $10,000, in consideration for her services rendered on behalf of the Settlement Class. Prelim. Approval Mot. at 19. Plaintiff argues this award is reasonable because she "performed her duties admirably by working with their counsel, responding to discovery requests, communicating with putative class members, attending mediation, and reviewing numerous drafts of the comprehensive Settlement and proposed Class Notice." *Id.* at 18.

The Court does not examine the reasonableness of Plaintiff's request for an enhancement award at this time. However, the Ninth Circuit has explained that "[i]ncentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). At this stage, the Court does not find that the enhancement award Plaintiff seeks constitutes inequitable treatment of class members. Accordingly, this factor weighs in favor of preliminarily approving the settlement.

## III. Conclusion

For the reasons stated above, the Court finds the Proposed Settlement is fair, reasonable, and adequate and **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement.

## PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has conditionally certified the class under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1)(B) requires the court to "direct notice in a reasonable manner to all class members who would be bound

by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez*, 563 F.3d at 962 (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

According to the Stipulation of Class Action and PAGA Settlement and Release, within fourteen days of the Court's filing of this Order, Defendants shall provide the Settlement Administrator with the Class Members' "name, address, email address, social security number, and number of qualifying California overtime hours worked." Prelim. Approval Mot. at 16; *see also* Proposed Settlement Agreement ¶ 20(a). The Settlement Administrator "will run a check of the Class Members' addresses against those on file with the U.S. Postal Service's National Change of Address (NCOA) List prior to the initial mailing," and then mail the Proposed Notice by First Class U.S. Mail within twenty-eight days. *Id.* The seven-page Proposed Notice:

> (1) describes the nature of the lawsuit and claims at issue, (2) defines the Settlement Class, (3) explains the amount of the Settlement and how individual class member settlement payments will be calculated, (4) discloses the attorneys fees' and class representative service payment that will be requested, (5) details the claims that are being released, (6) explains how a member of the Class can opt out of or object to the Settlement, (7) discloses the time and place of the final approval hearing, and (8) displays the contact information for class counsel and the Settlement Administrator and advises that either may be contacted to answer questions about the Settlement.

Prelim. Approval Mot. at 17.; *see also generally* Proposed Notice. Having thoroughly reviewed the Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23. Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

# CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Preliminary Approval Motion (ECF No. 30) and **ORDERS**:

1. **PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court **PRELIMINARILY CERTIFIES**, for settlement purposes only, the following Settlement Class:

> All current and former non-exempt California employees of the Defendants or their present and former parents, subsidiaries, successors or assigns, including without limitation Kandela, LLC, Serviz.com, Inc., and Elite Insurance Group, Inc.

2. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Court **PRELIMINARILY APPROVES** the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3. **CLASS COUNSEL:** The Court **APPOINTS** Blanchard, Krasner & French; the Law Office of David A. Huch; and Matcha Law as Class Counsel for the Settlement Class.

4. **CLASS REPRESENTATIVE:** The Court **APPOINTS** Ariana Preston as Class Representative for the Settlement Class.

5. **NOTICE:** The Court **PRELIMINARILY APPROVES** the form and substance of the Proposed Notice set forth in the Settlement Agreement, *see* Proposed Notice, and **APPROVES AND APPOINTS** Phoenix Settlement Administrators as the Settlement Administrator. The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances. As provided in the Settlement Agreement, Phoenix Settlement Administrators **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries. Within twenty-eight (28) days of the date on which this Order is electronically docketed, Phoenix Settlement Administrators **SHALL DISSEMINATE** the Notice in the Form attached as

Exhibit 1 to the Settlement Agreement and in the manner and form provided in the Stipulation of Class Action and PAGA Settlement and Release.

6. **FINAL APPROVAL HEARING:** The Court **SETS** a Final Approval Hearing on <u>Thursday, August 11, 2022 at 1:30 p.m., in Courtroom 4D of the Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, CA 92101</u>, to consider:

    (a) whether the Class should be finally certified for settlement purposes;

    (b) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

    (c) Class Counsel's application for attorneys' fees and expenses; and

    (d) Plaintiff's request for a service award.

At the Final Approval Hearing, the Parties also shall be prepared to update the Court as to any new developments, including any untimely submitted objections or any other issues as the Court deems appropriate. The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members.

7. **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than <u>twenty-eight (28) days</u> before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement. The Motion **SHALL INCLUDE AND ADDRESS** any Objections or responses received as of the filing date.

8. **APPLICATION FOR ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD:** No later than <u>twenty-one (21) days</u> before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorney fees, costs, and a Class Representative Service Award. Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled. Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be preferable in this case

and why any upward or downward departure from the 25% benchmark may be merited. Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

      9.    **SCHEDULE:** The Court orders the following schedule for further proceedings:

| Event | Date |
| --- | --- |
| Deadline for Defendants to send Settlement Administrator a list of Class Members | Within 14 days of the date on which this Order is electronically docketed |
| Deadline for Settlement Administrator to mail Proposed Notice | Within 28 days of the date on which this Order is electronically docketed |
| Deadline for Objections | Within 30 days of the original mailing of the Proposed Notice |
| Deadline for the Parties to file a motion for final approval of class action settlement | No later than 28 days prior to the Final Approval Hearing |
| Deadline for Class Counsel to file motion for attorneys' fees and costs and Class Representative Service Award | No later than 21 days prior to the Final Approval Hearing |
| Deadline for Claims Administrator to prepare and Class Counsel to file Declaration of Compliance with Class Notice requirements | No later than 16 days prior to the Final Approval Hearing |
| Final Approval Hearing | August 11, at 1:30 p.m. |

**IT IS SO ORDERED.**

Dated: April 25, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge