UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA PRESTON, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>PORCH.COM, INC., a Delaware Corporation; HIRE A HELPER LLC, a California Limited Liability Company; KERI MILLER, an individual; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 21-CV-168 JLS (BLM)<br><br>**ORDER (1) GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR (A) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (B) ATTORNEYS' FEES, COSTS, SERVICE AWARD, AND SETTLEMENT ADMINISTRATION EXPENSES; AND (2) ENTERING JUDGMENT**<br><br>(ECF Nos. 36, 38) |

Presently before the Court are Plaintiff Adriana Preston's unopposed Motions for (1) Final Approval of Class Action Settlement ("Final Approval Mot.," ECF No. 36) and (2) Attorneys' Fees, Costs, Service Award, and Settlement Administrator Expenses ("Fee Mot.," ECF No. 38). Also before the Court is the Declaration of Jarrod Salinas ("Salinas Decl.," ECF No. 37) on behalf of the Settlement Administrator. The Court held a hearing on August 11, 2022. *See* ECF No. 39. Because the Settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's unopposed Final Approval

Motion. Further, because the requested attorneys' fees, costs, service award, and Settlement Administrator expenses are reasonable, the Court **GRANTS** Plaintiff's Fee Motion.

## GENERAL BACKGROUND

On November 23, 2020, Plaintiff filed a class action Complaint in the San Diego County Superior Court on behalf of herself and all other similarly situated employees who worked for Defendants Porch.com; Hire A Helper, LLC; Elite Insurance Group, Inc.; Kandela, LLC; and Serviz, Inc. (collectively, "Defendants")[1] from November 23, 2016, through the present. *See* ECF No. 1. On January 28, 2021, Defendants timely removed to this Court. *Id.*

In the operative First Amended Complaint, filed November 29, 2021, Plaintiff alleges, on behalf of the class, that Defendants: (1) failed to pay all compensation owed at separation; (2) failed to pay all wages earned; (3) failed to provide accurate itemized wage statements; (4) failed to compensate for missed, late, or on duty meal periods; (5) failed to compensate for missed, late, or on duty rest periods; (6) failed to pay vacation wages at termination; (7) engaged in unlawful overtime policies and procedures; (8) failed to provide timely, uninterrupted, 30-minute meal periods; (9) failed to maintain accurate time records; (10) failed to pay overtime compensation; (11) failed to reimburse business expenses; and (12) violated the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2968 *et seq*. *See generally* ECF No. 32 ("FAC"). On January 28, 2021, Defendants filed an answer denying liability and asserting twenty affirmative defenses. ECF No. 4.

On July 28, 2021, the Parties participated in a private mediation and reached a tentative agreement to settle this action, subject to finalizing a comprehensive settlement agreement. The Stipulation of Class Action and PAGA Settlement and Release

---

[1] The latter three named Defendants were substituted in place of Doe Defendants 1 through 3 via the First Amended Complaint. *See* ECF No. 32 ¶¶ 5–7.

("Settlement") was thereafter finalized and executed in November 2021. On November 22, 2021, Plaintiff filed her unopposed Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Mot.," ECF No. 30). On April 25, 2022, the Court granted Plaintiff's Preliminary Approval Motion. *See generally* ECF No. 35 ("Prelim. Approval Order"). The Parties are now before the Court to seek the Court's final approval of their Settlement and attorneys' fees and costs. *See generally* ECF Nos. 36, 38.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Stipulation of Class Action and PAGA Settlement and Release containing more than twenty-two pages of substantive terms, *see* Decl. of David C. Hawkes in Support of Motion for Final Approval of Class Action Settlement ("Final Approval Hawkes Decl.," ECF No. 36-2) Ex. A ("Proposed Settlement Agreement"), as well as a Notice of Proposed Class Action and Private Attorneys General Act Settlement, *see* Final Approval Hawkes Decl. Ex. 1 ("Proposed Notice").

### I. Proposed Settlement Class

The Settlement Class includes "[a]ll current and former non-exempt California employees of the Defendants or their present and former parents, subsidiaries, successors or assigns, including without limitation Kandela, LLC, Serviz.com, Inc., and Elite Insurance Group, Inc." ECF No. 36-1 ("Final Approval Mot. Mem.") at 6 (citing Prelim. Approval Order at 15). The Class Period runs from November 23, 2016, to April 25, 2022, the date of Preliminary Approval of the Settlement. *Id.* Additionally, the PAGA Period runs from November 23, 2019 to April 25, 2022. *Id.* (citing Proposed Settlement Agreement ¶¶ 6–9). There are 228 Class Members. *Id.* at 9 (citing Salinas Decl. ¶ 3).

### II. Proposed Monetary Relief

The Proposed Settlement Agreement provides for a $500,000 Maximum Settlement Amount used to pay: (1) Plaintiff's Class Representative's Payment, not to exceed $10,000.00; (2) Class Counsel's attorneys' fee award, not to exceed one-third of the Maximum Settlement Amount, or $166,666.67; (3) up to $20,000.00 in Class Counsel costs; (4) a $20,000.00 PAGA award, with $15,000.00 going to the California Labor and

Workforce Development Agency (the "LWDA") and $5,000.00 going to the Class Members; and (5) Settlement Administration Costs, estimated not to exceed $6,000.00. Final Approval Mot. Mem. at 8–10 (citing Proposed Settlement Agreement ¶¶ 15, 16, 19). The remaining Net Settlement Amount of at least $282,333.00 shall be distributed to the Settlement Class Members. *Id.* at 10 (citing Proposed Settlement Agreement ¶ 16(c)(i)). The Proposed Settlement Agreement provides that Phoenix Settlement Administrators shall serve as Settlement Administrator. *Id.* 7 (citing Final Approval Hawkes Decl. ¶ 31).

Each Class Member will receive a portion of the Net Settlement "determined based on the number of weeks worked by all Class Members during the Class Period [November 23, 2016, to April 25, 2022] based on information provided by Defendant." Proposed Settlement Agreement ¶ 16(c)(i). Consequently, although payments will vary, if all 228 Settlement Class Members participate, the average settlement amount is "approximately $1,128 each, with the highest individual payout exceeding $7,200." Final Approval Mot. Mem. at 1.

In exchange, the Class Members will release their claims for:

> any and all claims, rights, demands, liabilities and causes of action of any nature or description, including any such claims, whether known or unknown, that were litigated in the Action against Defendants or could have been litigated based on the facts and circumstances alleged in the entire Action against Defendants, arising under the Complaint and First Amended Complaint filed in the Southern District of California District Court including, but not limited to, all claims under the California Labor Code, Wage Orders and related orders of the California Industrial Welfare Commission and Business and Professions Code section 17200, *et seq* (the "Released Claims") alleged in the Action or which could have been alleged based on the facts alleged in the Action. The claims released under this paragraph shall include, but not necessarily be limited to, claims for: meal period violations and failure to pay compensation in lieu thereof; rest break violations and failure to pay compensation in lieu thereof; failure to pay minimum wages, regular wages, overtime and double time wages; all theories related to unpaid wages (including but not limited to off-the-

> clock work, time shaving, time rounding, on-call time, working through meal periods, regular rate claims, on-duty meal period violations, or any other claims giving rise to minimum and/or overtime violations); unpaid meal period penalties; unpaid rest period penalties; wage statement violations; failure to reimburse business expenses; failure to pay wages upon separation from employment; waiting time penalties; any penalties or wages owed, derivative violations of the Unfair Competition Law, derivative California Private Attorneys General Act, the Labor Code, Labor Code section 2699, *et seq.*, as well as any damages, restitution, disgorgement, civil penalties, statutory penalties, taxes, interest or attorneys' fees or costs resulting therefrom.

Proposed Settlement Agreement ¶ 24. None of the Maximum Settlement Amount will revert to Defendants. *See id.* ¶ 16(c). If any settlement checks remain uncashed 180 days after issuance, the amount will be transmitted to the International Justice Mission as the *cy pres* recipient. Final Approval Mot. Mem. at 9 (citing Proposed Settlement Agreement ¶ 21).

## MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

### I. Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court already has certified the Settlement Class. *See* Prelim. Approval Order at 4–10.

### II. Adequacy of Notice

The Court must also determine that the Class Members received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

///

In its Preliminary Approval Order, the Court preliminarily approved the Parties' Proposed Notice and proposed notification plan. *See* Prelim. Approval Order at 13–14. In support of her Final Approval Motion, Plaintiff has filed the Declaration of Jarrod Salinas, who is employed as "a Case Manager at Phoenix Class Action Administration Solutions ('PSA'), the claims administrator in [this] action." *See generally* Salinas Decl.; *see also id.* ¶ 1. In his declaration, Mr. Salinas details the actions taken by PSA to provide notice in accordance with the notification plan. *See generally id.* Having reviewed Mr. Salinas's declaration, the Court finds that the Settlement Class Members received adequate notice of the Settlement.

## III. Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(2). Under amendments to Rule 23(e), effective December 1, 2018, district courts must consider the following factors to determine whether the proposal is "fair, reasonable, and adequate":

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and

///

>    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). Before the revisions to Rule 23(e), the Ninth Circuit had developed its own list of factors to be considered. *See, e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 964 (9th Cir. 2011) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). The revised factors were not intended "to displace any factor [developed under existing Ninth Circuit precedent], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. Accordingly, other factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. Furthermore, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.* This determination is committed to the sound discretion of the trial judge. *Id.*

In its Preliminary Approval Order, the Court found that the pertinent factors weighed in favor of approving the Settlement. *See* Prelim. Approval Order at 11–13. Since then, no Class Member has filed an objection or requested exclusion from the Settlement Class. *See* Salinas Decl. ¶ 9. Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e)(2) requirements as set forth in its Preliminary Approval Order. *See* Prelim. Approval Order at 11–13. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

///

### IV. Conclusion

Because all the pertinent factors here weigh in favor of approving the Settlement, the Court **GRANTS** Plaintiff's Final Approval Motion.

## MOTION FOR ATTORNEYS' FEES AND COSTS

Class Counsel seek attorneys' fees in the amount of $166,666.67, representing one-third of the Maximum Settlement Amount, and reimbursement of litigation costs in the amount of $8,140.11. ECF No. 38-1 ("Fee Mot. Mem.") at 1. Class Counsel also request a Class Representative's Payment in the amount of $10,000.00 for Plaintiff, *see id.* at 13–15, and Settlement administration expenses to PSA in the amount of $6,000.00, *see id.* at 14. Finally, Class Counsel requests approval of a PAGA payment of $20,000.00. *See id.* at 10. The Court addresses each of Class Counsel's requests in turn.

### I. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorneys' fees "authorized by law or by the parties' agreement." The Court has discretion to award attorneys' fees based on "the percentage-of-the-fund method or the lodestar/multiplier approach." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295–96 (9th Cir. 1994). The Ninth Circuit has routinely applied the percentage-of-the-fund approach, treating twenty-five percent as the "benchmark." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378–79 (9th Cir. 1994). Despite this benchmark, district courts have discretion to "[a]djust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Id.* at 379.

Here, Class Counsel seek one-third of the $500,000.00 Maximum Settlement Amount, totaling $166,666.67, *see* ECF No. 38-1 ("Fee Mot. Mem.") at 1, which exceeds the Ninth Circuit's twenty-five percent benchmark. In its Preliminary Approval Order, the Court indicated that Class Counsel would need to show "why any upward or downward departure from the 25% benchmark may be merited." Prelim. Approval Order at 17.

In their Fee Motion, Class Counsel contend that the requested fees of $166,666.67 are reasonable under either the percentage-of-the-fund or lodestar approach to calculating

a reasonable fee. *See* Fee Mot. Mem. at 4–12. Specifically, Class Counsel contend that a departure from the twenty-five percent benchmark under the percentage-of-the-fund approach is warranted given the "substantial benefit" obtained for the class, which amounts to "recovery of approximately 74% of the maximum projected exposure," *see id.* at 10; the "significant level of skill and extensive work" of Class Counsel "required to negotiate a settlement extremely favorable to the class," *id.* at 11; the "substantial time and costs" Class Counsel invested in this matter, *see id.*; the contingent nature of the case, *see id.*; and the fact that a fee award of thirty-three percent of the recovery "is in line with fee awards in similar actions . . . where, as here, the common fund is below $10 million," *see id.* (citations omitted). As for the lodestar method, Class Counsel have worked 455.6 hours on this matter, *see id.* at 3, with hourly rates of $550.00 per hour for Mr. Hawkes, $650.00 for Mr. Huch, and $450.00 for Mr. Matcha, *see id.* at 5. Class Counsel contend that the base lodestar of $251,400.00 is justified given "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 3 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)). Class Counsel contends that there is no need for a multiplier because Class Counsel's "current lodestar exceeds the requested fee Award[.]" *Id.* at 8.

Having reviewed the Fee Motion; the Declarations of David C. Hawkes ("Hawkes Decl.," ECF No. 38-2), David A. Huch ("Huch Decl.," ECF No. 38-3), and Stephen Matcha (ECF No. 38-4) in Support of Plaintiff's Fee Motion; and the applicable law, and given the lack of objection from any Defendant or Settlement Class Member, the Court agrees that the fee request in the amount of $166,666.67, or thirty-three percent of the Maximum Settlement Amount, is reasonable under the circumstances, particularly in light of the favorable results achieved by Class Counsel, the risk Class Counsel assumed by taking this case on contingency, and the award being in line with fee awards in similar actions. Accordingly, the Court finds that an award of $166,666.67 is reasonable under the circumstances of this case.

///

### A.   Costs

Although the Proposed Settlement Agreement authorizes Class Counsel to apply for reimbursement of up to $20,000.00 in costs, *see* Proposed Settlement Agreement ¶ 19, Class Counsel seek reimbursement for only $8,140.11, *see* Fee Mot. Mem. at 12. The requested costs include filing fees, service of process fees, and mediation fees. *See* Hawkes Decl. ¶ 8. No objections have been made to these costs, and the Court finds that Class Counsel's litigation expenses are typical and reasonable. The Court therefore approves the requested costs reimbursement in the amount of $8,140.11.

### B.   Class Representative's Payment

Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citations omitted). In deciding whether to give an incentive award, the Court may consider:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted).

Class Counsel seek a $10,000.00 Class Representative's Payment for named Plaintiff Ariana Preston. Fee Mot. Mem. at 13–15. In their Fee Motion, Class Counsel contend that the requested incentive award is reasonable given "time and risks undertaken by the named Plaintiff and the benefit she secured for the class." *Id.* at 13. Ms. Preston filed a declaration in support of her application for the service award, which details her participation in this matter. *See generally* Declaration of Ariana Preston in Support of

Application for Service Award ("Preston Decl.," ECF No. 38-5). Specifically, Ms. Preston "spent at least forty-six and one-half (46.5) hours (and likely more) of [her] time prosecuting this case over the past twenty months." *Id.* ¶ 6. Ms. Preston "participated in a multitude of meetings and conferences and email exchanges," *id.* ¶ 7; "gathered all documentation relating to the claims," *id.* ¶ 8; "participat[ed] in informal and formal discovery and initial disclosures[,] . . . an Early Neutral Evaluation[,] . . . [and] a full-day mediation," *id.* ¶¶ 9–11; "[c]ontacted and spoke with other class members and potential witnesses," *id.* ¶ 13; and "undertook a <u>significant risk</u> to [her]self and [her] career by suing [her] former employer," *id.* ¶ 17.

No Class Member has objected to the requested incentive award. *See id.* ¶ 19; *see also* Salinas Decl. ¶ 9. Having considered the relevant factors, the Court finds the requested Class Representative's Payment of $10,000.00 to be reasonable.

## II. Settlement Administration Expenses

The Settlement further authorizes the deduction of an estimated $6,000.00 from the Maximum Settlement Amount for the administration costs incurred by the Settlement Administrator. Proposed Settlement Agreement ¶ 16(c)(vii). Class Counsel seek approval of settlement administration expenses in the amount of $6,000.00 to the Settlement Administrator, PSA, *see* Fee Mot. Mem. at 15 (citing Salinas Decl. ¶ 12). No objections have been made to these expenses, and the Court finds that the Settlement Administrator's expenses are reasonable. *See generally* Salinas Decl. The Court therefore approves the requested administration expenses in the amount of $6,000.00.

## III. PAGA Award

Finally, the Settlement provides for a $20,000.00 PAGA award, with $15,000.00 going to the LWDA and $5,000.00 reverting to the Class Members. Proposed Settlement Agreement ¶ 16(c)(ii). Plaintiff requests approval of the PAGA award. Final Approval Mot. Mem. at 8. No objections have been made to the requested PAGA award, which the Court finds reasonable. The Court therefore approves the requested PAGA award in the amount of $20,000.00, which the Court finds to be "fair and adequate in view of the

purposes and policies of [PAGA]." *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1077 (C.D. Cal. 2017) (quoting *O'Connor v. Uber Techs.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016)).

**IV.   Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Fee Motion.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's unopposed Motions for (1) Final Approval of Class Action Settlement (ECF No. 36) and (2) Attorneys' Fees, Costs, Service Award, and Settlement Administrator Expenses (ECF No. 38). Accordingly, the Court **ENTERS FINAL JUDGMENT** as follows:

1.   This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3.   Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, Phoenix Settlement Administrators, mailed the Class Notice Packet to all 228 Class Members by First Class U.S. Mail. The Class Notice Packet fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Class Notice Packet further informed Class Members of the pendency of the Class Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Class Notice Packet. The Court finds and determines that this notice

procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice Packet provided in the Class Action was the best notice practicable, which satisfied the requirements of law and due process.

4. In response to the Class Notice Packet, zero Class Members objected to the Settlement and zero Class Members submitted a Request for Exclusion from the Settlement.

5. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Labor and Workforce Development Agency ("LWDA") fully and adequately complied with the notice requirements of the Private Attorneys General Act ("PAGA"), California Labor Code § 2699(*l*).

6. The Court finds that the Settlement offers significant monetary recovery to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues.  The Court further finds that the Parties have conducted extensive and costly investigation, informal discovery, research, and litigation such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time.  The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Class Action.  The Court further finds that the Parties reached the Settlement as the result of intensive, serious, and non-collusive arms-length negotiations.  Thus, the Court **APPROVES** the Settlement set forth in the Settlement Agreement; finds that the Settlement is, in all respects, fair, adequate, and reasonable; and directs the Parties to effectuate the Settlement according to its terms.

7. The Court hereby **ORDERS** the Settlement Administrator to distribute the Individual Settlement Payments to Settlement Class Members in accordance with the provisions of the Settlement.

8. For purposes of this Final Approval Order and for this Settlement only, the Court hereby **CERTIFIES** the following class of Class Members:

> All current and former non-exempt California employees of the Defendants or their present and former parents, subsidiaries, successors or assigns, including without limitation Kandela, LLC, Serviz.com, Inc., and Elite Insurance Group, Inc.

The Covered Period is defined as November 23, 2016, through April 25, 2022.

9. For purposes of this Final Approval Order and this Settlement only, the Court **APPROVES** the settlement of claims under the PAGA and the payment of $15,000.00 to the LWDA as the LWDA's share of the Settlement attributable to civil penalties under the PAGA. The Court hereby **ORDERS** the Settlement Administrator to distribute the payment to the LWDA of the State of California in accordance with the provisions of the Settlement.

10. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of Plaintiff Adriana Preston as the class representative for the Class Members. Further, the Court **FINALLY APPROVES** the Class Representative's Payment to Plaintiff of $10,000.00 as fair and reasonable. The Court hereby **ORDERS** the Settlement Administrator to distribute the Class Representative's Payment to Plaintiff in accordance with the provisions of the Settlement.

11. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of Blanchard, Krasner & French; the Law Office of David A. Huch; and Matcha Law as Class Counsel for the Class Members. Further, the Court **FINALLY APPROVES** a Class Counsel's Attorneys' Fee Award of $166,666.67 as fair and reasonable. As well, the Court **FINALLY APPROVES** a Class Counsel Costs Award of $8,140.11 as fair and reasonable. Class Counsel's receipt of the Class Counsel Fees Award and Class Counsel Costs Award shall fully satisfy all fees and litigation costs incurred by Class Counsel that represented Plaintiff and Class Members in the Class Action. Defendants' payment of the Court-awarded attorneys' fees and costs shall constitute full satisfaction of Defendants' obligation to pay any person, attorney, or law

firm for attorneys' fees, costs, and expenses incurred on behalf of the Plaintiff and the Class Members in the Class Action. The Court hereby **ORDERS** the Settlement Administrator to distribute the Class Counsel Fees Award and Class Counsel Costs Award payments to Class Counsel in accordance with the provisions of the Settlement.

12. For purposes of this Final Approval Order and this Settlement only, the Court hereby **CONFIRMS** the appointment of Phoenix Settlement Administrators as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further **FINALLY APPROVES** Settlement Administration Costs of $6,000.00 as fair and reasonable.

13. As of the Effective Date, all Settlement Class Members shall be deemed to have released the Released Parties from all Class Members' Released Claims, as defined in the Settlement Agreement. All Settlement Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Class Members' Released Claims against the Released Parties.

14. Neither this Final Approval Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever. Nor is this Final Approval Order a finding of the validity of any claims in the Class Action or of any wrongdoing by Defendants or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence against Defendants or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Class Action

or in any other proceeding this Final Approval Order, the Settlement Agreement, or any other papers and records on file in the Class Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver, or other theory of claim preclusion, issue preclusion, or similar defense.

15. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendants consistent with the terms of the Settlement, then this Final Approval Order and all orders entered in connection herewith, including, without limitation, any order certifying the class of Class Members or appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated.

16. Pursuant to the Parties' Settlement Agreement, the Class Action is **DISMISSED WITH PREJUDICE**, for the reasons set forth above, and in accordance with the terms set forth in the Settlement Agreement.

17. Without affecting the finality of this matter, this Court **RETAINS** exclusive jurisdiction over this action and the Parties, including the class, for purposes of enforcing the terms and conditions of the Settlement.

18. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 12, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge